David K. Sergi (135201)
david@sergilaw.com
DAVID K. SERGI & ASSOCIATES, P.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
(512) 392-5010 Telephone
(512) 392-5042 Facsimile

*ATTORNEY FOR DEFENDANT TOM PARKER*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | | |
|---|---|---|
| BUNKER B. W. ROGGE,<br>    Plaintiff, | § § § § § § § § § § § § § § § § § § § | CASE NO. C07-02920<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TOM PARKER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |
| vs. | | |
| BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, TOM PARKER,<br>    Defendants. | | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant files this motion to dismiss plaintiff's suit for lack of personal jurisdiction as authorized by Federal Rule of Civil Procedure 12(b)(2).

## A. INTRODUCTION

1. Plaintiff is Bunker B. W. Rogee; defendant is Tom Parker.

2. Plaintiff, Bunker B. W. Rogee (hereinafter referred to as "Plaintiff" or "Rogee") has sued Defendant Tom Parker (hereinafter referred to as "Parker") alleging civil rights violations under the 14th Amendment of the Constitution of the United States of America in addition to various state law causes of action for intentional interference with a contract, negligent interference with a contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress in the Northern District of California, San Jose Division.

3. Defendant is a nonresident of California forum state and has had no purposeful contacts with California. Defendant is an individual and does not reside in California. Defendant resides in Bandera County, Texas. (Parker Aff. ¶ 2.)

## B. ARGUMENT

4. Federal courts do not have jurisdiction over a nonresident defendant unless the nonresident defendant has purposefully established "minimum contacts" with the forums state and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. V. Rudzewicz*, 471 U.S. 462, 475-76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *International Show Co. v. Washington*, 326 U.S. 310, 316 (1945).

*NO MINIMUM CONTACTS*

5. Under minimum-contacts analysis, the court must determine whether the non-resident defendant has purposefully availed itself of the benefits and protections of the forum state by considering activities withing the forums state. *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 109 (1987); *Bell Paper Box, Inc. v. U.S. Kids, Inc.*, 22 F.3d 816, 818-19 (8th Cir. 1994). In measuring minimum contacts, the court should consider the following: (1) the nature and quality of the contacts with the forum state, (2) the quantity of the contacts, (3) the relation of the cause of action to the contacts, (4) the interests of the forum state in providing a forum for its residents, and (5) the convenience of the parties. *Bell Paper Box*, 22 F.3d at 819. Minimum contacts are not established unless the court finds it has either specific or general jurisdiction over the defendant. *See Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003) ; *Vetrotex CertainTeed Corp. v. Consolidated Fiber Glass Prods. Co.*, 75 F.3d 147, 150-51, (3rd Cir. 1996); *Sondergard v. Miles, Inc.*, 985 F.2d 1389, 1392 (8th Cir. 1993).

6. The court cannot exercise specific jurisdiction over a nonresident defendant unless the nonresident defendant's activities were "purposefully directed" to the forum state and the litigation resulted from alleged injuries that "arise out of" or "relate to" those activities. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *see also Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("specific jurisdiction is tethered to a relationship between the forum and the claim"), *citing Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995). The court does not have specific jurisdiction over Parker because Parker did not

purposefully direct his activities to California and plaintiff's cause of action did not arise from or relate to Parkers's contacts with California. Rather, plaintiff's causes of action allegedly arose from the sending of a mailer by someone who is not Tom Parker, and various allegations of wrongdoing or acts which may or may not have occurred within the state of Texas. (Parker Aff. ¶¶ 2-5.)

7. The court cannot exercise general jurisdiction over a nonresident defendant unless there are continuous and systematic contacts between the nonresident defendant and the forum state. *See Helicopteros*, 466 U.S. at 416; *Doe v. Unocal Corp.*, 248 F.3d 915, 925 (9th Cir. 2001). The court does not have general jurisdiction over Parker because Parker has not had continuous or systematic contacts with California. Parker has not traveled to California, has no place of business in California, and has not taken any other action that would put Parker on notice that he is subject to the call of a California court. (Parker Aff. ¶¶ 3-6.)

8. Parker contacts with California have been nonexistent for at least 40 years. Parker's last contact with California was a family vacation approximately 43 years ago. In no way can a family vacation which occurred over 40 years ago meet the criteria required for this court to exercise specific or general jurisdiction over Parker. (Parker Aff. ¶¶ 2-6.)

***NO FAIR PLAY***

9. The court's assumption of jurisdiction over Parker and his property will offend traditional notions of fair lay and substantial justice and will be inconsistent with the constitutional requirements of due process. *See International Shoe*, 326 U.S. at 316 ; *see*

*also Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1380 (9th Cir. 1981) (recognizing the exercise of personal jurisdiction must comply with traditional notions of fair play and substantial justice). The court should decline to exercise jurisdiction over Parker because: (1) the burden on defendant is great as he would have to defend a case in a state he has not entered or visited in over forty years at a great expense to himself as a retiree on a limited income, (2) the interest of the forum state in adjudicating the dispute is arguable very small considering the property at issue in the case is located in Texas with no undisputed ties to this forum, (3) plaintiff's interest in obtaining convenient and effective relief are best served adjudicating this matter in Texas as the courts in that forum are more familiar with the laws governing the intricate Texas property and water rights issues in this case, (4) the interstate judicial systems interest in obtaining the most efficient resolution of controversies is best served by allowing a more appropriate forum with personal jurisdiction over Parker because of his residency to adjudicate this matter, and (5) the shared interest of the several states in furthering fundamental social policies is served by the adjudication of this caus by a forum with personal jurisdiction over all defendants and within which the alleged acts giving rise to this lawsuit occurred.

10. The court's assumption of jurisdiction over Parker and his property will place and extraordinary burden on Parker because none of the records, files, or witness are located in California. Parker is a retiree on a limited income, and defending a lawsuit in California would cause him and his family extreme financial hardship. (Parker Aff. ¶ 10.)

11. The court's assumption of jurisdiction over Parker and his property will allow plaintiff to prosecute his suit in the California even though he can obtain the same or

similar relief in Texas. The assumption of personal jurisdiction over Parker would not serve the interest of this district court.

12. The court's assumption of jurisdiction over Parker and his property will prevent the parties from resolving this dispute more efficiently in another forum. This case involves issues relating to licensing procedures of Texas agencies and with unique questions of Texas property law. Allowing a court with greater experience in the intricacies of Texas property laws and administrative licensing procedures will allow for a more efficient resolution of this dispute. (Parker Aff. ¶¶ 2, 7-8.)

13. The court's assumption of jurisdiction over Parker and his property will not further any substantive policy interest of the several states. The shared interest of the several states in furthering fundamental social policies is served by the adjudication of this case in a forum with personal jurisdiction over all defendants and within which the alleged acts giving rise to this lawsuit occurred. (Parker Aff. ¶¶ 7-9.)

## *DUE PROCESS VIOLATION*

14. The court's assumption of jurisdiction over Parker and his property will violate Parker's due process rights guaranteed under the constitutions of California and the United States. Any exercise of jurisdiction by this forum will violate due process because (1) Parker has insufficient contacts with California, and (2) maintenance of this suit in California will offend traditional notions of fair play and substantial justice. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980); *see Kulko v. California Superior Court*, 436 U.S. 84, 91 (1978).

## C. CONCLUSION

15. Defendant has no minimum contacts with California. Furthermore, the court's assumption of jurisdiction over Parker will offend traditional notions of fair play and substantial justice and will be inconsistent with due process of law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, for the above and foregoing reasons, Defendant Tom Parker prays that upon consideration of this Motion to Dismiss that the Court grant the Motion and dismiss all of plaintiff's claims, and grant such other and further relief to which Defendant Tom Parker may be justly entitled at law or in equity, including damages and attorneys' fees whether pled or unpled.

Dated: July 5, 2007

    /s/ David K. Sergi
DAVID K. SERGI
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of "MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TOM PARKER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION" was served on plaintiff:

**VIA CMRRR 7003 1010 0002 6421 5660**
**AND FIRST CLASS MAIL**
Bunker B. W. Rogee, In Pro Se
101A Christel Oaks
Scotts Valley, CA 95066
(831) 295-2541

    /s/ David K. Sergi
DAVID K. SERGI
Attorney for Defendant Tom Parker