1  David K. Sergi (135201)
2  david@sergilaw.com
   DAVID K. SERGI & ASSOCIATES, P.C.
3  109 East Hopkins, Suite 200
   San Marcos, Texas 78666
4  (512) 392-5010 Telephone
   (512) 392-5042 Facsimile
5

6  *ATTORNEY FOR DEFENDANT TOM PARKER*

7

8
                    **UNITED STATES DISTRICT COURT**
9                   **NORTHERN DISTRICT OF CALIFORNIA**
                         **SAN JOSE DIVISION**
10

11  **BUNKER B. W. ROGGE,**              §   **CASE NO. C07-02920**
           Plaintiff,                    §
12                                        §   **MEMORANDUM OF POINTS**
                                          §   **AND AUTHORITIES IN**
13                                        §   **SUPPORT OF DEFENDANT**
                                          §   **TOM PARKER'S MOTION**
14                                        §   **TO DISMISS FOR IMPROPER**
                                          §   **VENUE, OR IN THE ALTERNA-**
15  vs.                                   §   **TIVE, MEMORANDUM OF**
                                          §   **POINTS AND AUTHORITIES IN**
16                                        §   **SUPPORT OF DEFENDANT**
                                          §   **TOM PARKER'S MOTION TO**
17                                        §   **TRANSFER VENUE**
                                          §
18                                        §
                                          §
19  **BANDERA FALLS PROPERTY**            §
    **OWNER'S ASSOCIATION,**              §
20  **CLAUDE LINDLEY, PAUL AHRENS,**      §
    **LORETTA LINDLEY,**                  §
21  **ROB JACOBSON, DENNIS BAKER,**       §
    **JEAN KENNEDY,**                     §
22  **KERRY HELGREN-SCHNEIDER,**          §
    **SERGIO ORTEGA, TOM PARKER,**        §
23       Defendants.                      §
24

25

26

27

28  O:\CLIENTS\CURRENT\Parker, Tom\07074civ.C07-02920\Pleadings\Improper Venue\memo of points 07.05.07.wpd         Page 1 of 6

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS FOR IMPROPER VENUE**

Defendant files this motion to dismiss Plaintiff's suit for improper venue as authorized by Federal Rule of Civil Procedure 12(b)(3). This motion, notice of motion, and memorandum in support of motion are filed subject to defendant Tom Parker's motion to dismiss for lack of personal jurisdiction.

**A. INTRODUCTION**

1. Plaintiff is Bunker B. W. Rogee; defendant is Tom Parker.

2. Plaintiff, Bunker B. W. Rogee (hereinafter referred to as "Plaintiff" or "Rogee") has sued defendant Tom Parker (hereinafter referred to as "defendant" or "Parker") alleging civil rights violations under the 14th Amendment of the Constitution of the United States of America in addition to various state law causes of action for intentional interference with a contract, negligent interference with a contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress in the Northern District of California, San Jose Division.

3. Venue is improper; therefore the court should dismiss the suit, or in the alternative, transfer the suit to Western District of Texas, San Antonio Division.

**B. ARGUMENT**

4. If an action is filed in an improper judicial district, the court may dismiss the action upon timely objection, or in the interests of justice, may transfer the case to a

district where the action could have been brought. 28 U.S.C. § 1406(a); *Ervin v. Judicial Council of Cal.*, 2007 U.S. Dist. LEXIS 39554 (N.D. Cal. May 18, 2007).

    5. The court should dismiss this case because a substantial part of plaintiff's claim did not occur in California. *See* 28 U.S.C. § 1391(a)(2); *Uffner v. La Reunion Francaise*, 244 F.3d 38, 42 (1st Cir. 2001); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). Plaintiff brought this suit against defendant alleging intentional interference with contracts to sell land in the Western District of Texas, within the Bandera Falls subdivision. (*See* Rogee Compl. ¶¶ 34-39.) Plaintiff also alleges negligent interference with contracts to sell real property in the Western District of Texas, specifically regarding sales of the Bandera Falls Subdivision. (*See* Rogee Compl. ¶¶ 40-45.) Plaintiff alleges that defendant intentionally and negligently interfered with his claimed prospective economic advantage in the production of revenues and profits from the sales of Bandera Falls lots, land and homes, owned by plaintiff, within the Western District of Texas. (*See* Rogee Compl. ¶¶ 46-55.) Plaintiff claims ownership of property located in Bandera County, Texas. (*See* Rogee Compl. ¶ 57.) Plaintiff alleges that defendants committed the tort of conversion of this property, located in the Western District of Texas, and has asserted the value of said property is approximately $178,829.00. (*See* Rogee Compl. ¶¶ 56-62.) Plaintiff also alleges acts by the defendants occurring within the Western District of Texas constitute a Due Process violation under the 14th Amendment of the United States Constitution; such alleged acts include interference with plaintiff's attempts to obtain licenses and permits from State of Texas administrative agencies, as well as an abuse of office by an elected official of Bandera

County, Texas.  (*See* Rogee Compl. ¶¶ 63-69.)   None of these alleged claims occurred in the Northern District of California.  *See Gaston v. Gottesman*, 2007 U.S. Dist. LEXIS 31635 (N.D. Cal. Apr. 13, 2007).

<u>Transfer in the Interest of Justice</u>

6. The court may transfer this case to the Western District of Texas, San Antonio Division if (1) defendant is subject to the jurisdiction of the proposed forum, (2) venue is proper in the   proposed forum, and (3) the transfer is in the interest of justice. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

7. Defendant is subject to the jurisdiction of the proposed forum because he purposely availed himself to the jurisdiction of Texas through his business dealings in the state.  Plaintiff claims to currently own real property located in Bandera County, Texas. (*See* Rogee Compl. ¶¶ 8-9.)  Plaintiff asserts that he has been attempting to sell said property since 2005.  He originally purchased said property through a corporation, in 1997.  All of plaintiff's claims in this case, at their very base,  arise out of his alleged ownership of this as well as other property located in Bandera County, Texas.  Plaintiff's continuous and systematic contacts with Texas over the last ten years are directly related to, and form the basis for his causes of action.  (*See* Rogee Compl.)

8. Venue is proper in Western District of Texas, San Antonio Division.  As Defendant's sole ground for jurisdiction is diversity of citizenship, venue is proper where any defendant resides so long as all defendants reside in the same state.  *See* 28 U.S.C. § 1391(a)(1).  In this case all ten defendants are residents of the state of Texas, specifically the Western District of Texas, therefore venue is proper in the Western District of Texas,

San Antonio Division. Defendant specifically pleads that venue is not proper in the Northen District of California because all or a substantial part of plaintiff's claim did not occur in this district. *See* 28 U.S.C. § 1391 (a)(2), (b)(2); . All or a substantial part of plaintiff's claims occurred within the Western District of Texas, as discussed in detail in paragraph 5, supra. Because these events occurred in the Western District of Texas, all of the events giving rise to plaintiff's cause of action occurred in the Western District of Texas, within the meaning of the venue statute. *See Gaston*, 2007 U.S. Dist. LEXIS 31635 at *4.

9. The transfer is in the interest of justice. *Goldlawr*, 369 U.S. at 467. *See* "E. ARGUMENT" *infra* ¶ 15(a)-(f).

### C. CONCLUSION

10. Because plaintiff filed suit in an improper district, the court should dismiss plaintiff's suit or, in the alternative, transfer it to the Western District of Texas, San Antonio Division.

Dated: July 5, 2007                    /s/ David K. Sergi
                                       DAVID K. SERGI
                                       Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of "Defendant's Memorandum of Points and Authorities in Support of Defendant Tom Parker's Motion To Dismiss for Improper Venue, or in the Alternative, Memorandum of Points and Authorities in Support of Defendant Tom Parker's Motion to Transfer Venue" was served on plaintiff:

**VIA CMRRR 7003 0500 0001 9373 2222**
**AND FIRST CLASS MAIL**
Bunker B. W. Rogee, In Pro Se
101A Christel Oaks
Scotts Valley, CA 95066
(831) 295-2541

                                                                 /s/ David K. Sergi
                                                                 DAVID K. SERGI
                                                                 Attorney for Defendant Tom Parker