David K. Sergi (135201)
david@sergilaw.com
DAVID K. SERGI & ASSOCIATES, P.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
(512) 392-5010 Telephone
(512) 392-5042 Facsimile

*ATTORNEY FOR DEFENDANT TOM PARKER*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | | |
|---|---|---|
| **BUNKER B. W. ROGGE,** § | | **CASE NO. C07-02920** |
| Plaintiff, § | | |
| § | | |
| § | | **MEMORANDUM OF POINTS** |
| § | | **AND AUTHORITIES IN** |
| vs. § | | **SUPPORT OF DEFENDANT** |
| § | | **TOM PARKER'S MOTION TO** |
| § | | **DISMISS FOR DEFECTIVE** |
| § | | **PROCESS** |
| § | | |
| **BANDERA FALLS PROPERTY** § | | |
| **OWNER'S ASSOCIATION,** § | | |
| **CLAUDE LINDLEY, PAUL AHRENS,** § | | |
| **LORETTA LINDLEY,** § | | |
| **ROB JACOBSON, DENNIS BAKER,** § | | |
| **JEAN KENNEDY,** § | | |
| **KERRY HELGREN-SCHNEIDER,** § | | |
| **SERGIO ORTEGA, TOM PARKER,** § | | |
| Defendants. § | | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THE SUIT FOR DEFECTIVE PROCESS

Defendant files this motion to dismiss the suit for defective process, or in the alternative quash service of process, as authorized by Federal Rule of Civil Procedure

12(b)(4). This motion, notice of motion, and memorandum in support of motion are filed subject to defendant Tom Parker's motion to dismiss for lack of personal jurisdiction.

## A. INTRODUCTION

1. Plaintiff is Bunker B. W. Rogee; defendant is Tom Parker.

2. Plaintiff, Bunker B. W. Rogee (hereinafter referred to as "Plaintiff" or "Rogee") has sued defendant Tom Parker (hereinafter referred to as "defendant" or "Parker") alleging civil rights violations under the 14th Amendment of the Constitution of the United States of America in addition to various state law causes of action for intentional interference with a contract, negligent interference with a contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress in the Northern District of California, San Jose Division.

3. The form of the summons is defective; therefore, the court should dismiss the suit, or in the alternative quash service of process.

## B. ARGUMENT

4. When process is defective, the court may dismiss the suit or quash the service of process. *See Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 886 (8th Cir. 1996).

5. Federal Rule of Civil Procedure 4(a) requires that "[t]he summons *shall* ... identify the court and parties ... [and] *be directed to the defendant*." FED. R. CIV. P. 4(a) (emphasis added). In this case the court should dismiss plaintiff's suit, or in the

alternative quash the service of process, because the summons with which Parker was purportedly served was not addressed to Tom Parker. *See id.*; *see also Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("We require substantial compliance with Rule 4" (internal quotations omitted)).

6. Defendant was unfairly prejudiced by the defect in process. He was confused as to why he was served with a document addressed to another individual, and as a result of trying to ascertain the situation lost valuable time which could have been spent with counsel accessing the validity of plaintiff's complaint.

7. Specifically, Parker was prejudiced because he was never served with a summons addressed to him as a defendant as required by Federal Rule of Civil Procedure 4. The summons with which Tom Parker was purportedly served was addressed to Sergio Ortega, and as such was defective. The defective summons is attached as **Exhibit A**.

### C. CONCLUSION

7. Because there are defects in the form of the summons, the court should dismiss the suit, or in the alternative quash service of process.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, for the above and foregoing reasons, Defendant Tom Parker prays that upon consideration of this Motion to Dismiss that the Court grant the Motion and dismiss plaintiff's suit, or in the alternative quash service of process, and grant such other and further relief to which Defendant Tom Parker may be justly entitled at law or in equity, including damages and attorneys' fees whether pled or unpled.

Dated: July 5, 2007                                   /s/ David K. Sergi
                                                     DAVID K. SERGI
                                                     Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant Tom Parker's Memorandum of Points and Authorities in Support of Defendant Tom Parker's Motion to Dismiss for Defective Process was served on plaintiff:

**VIA CMRRR 7003 0500 0001 9373 2239**
**AND FIRST CLASS MAIL**
Bunker B. W. Rogee, In Pro Se
101A Christel Oaks
Scotts Valley, CA 95066
(831) 295-2541

                                                      /s/ David K. Sergi
                                                     DAVID K. SERGI
                                                     Attorney for Defendant Tom Parker