David K. Sergi (135201)
david@sergilaw.com
DAVID K. SERGI & ASSOCIATES, P.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
(512) 392-5010 Telephone
(512) 392-5042 Facsimile

*ATTORNEY FOR DEFENDANT TOM PARKER*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **BUNKER B. W. ROGGE,**<br>　Plaintiff,<br><br>vs.<br><br>**BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, TOM PARKER,**<br>　Defendants. | **CASE NO. C07-02920**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TOM PARKER'S MOTION FOR A MORE DEFINITE STATEMENT** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**MOTION FOR A MORE DEFINITE STATEMENT**

Defendant files this motion for a more definite statement, as authorized by Federal Rule of Civil Procedure 12(e). This motion, notice of motion, and memorandum in

support of motion are filed subject to defendant Tom Parker's motion to dismiss for lack of personal jurisdiction.

### A. INTRODUCTION

1. Plaintiff is Bunker B. W. Rogee; defendant is Tom Parker.

2. Plaintiff, Bunker B. W. Rogee (hereinafter referred to as "Plaintiff" or "Rogee") has sued defendant Tom Parker (hereinafter referred to as "Parker") alleging civil rights violations under the 14th Amendment of the Constitution of the United States of America in addition to various state law causes of action for intentional interference with a contract, negligent interference with a contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress in the Northern District of California, San Jose Division.

3. The complaint is so vague that defendant is unable to file a responsive pleading; therefore, the court should require plaintiff to amend his complaint with a more definite statement of the suit.

### B. ARGUMENT

4. A motion for a more definite statement is proper when a complaint is so vague or ambiguous that the defendant cannot frame a responsive pleading. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Sisk v. Texas Parks and Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981); *Oki Elec. Indus. Co., Ltd. v. Lg Semicon Co., Ltd.*, 1998 U.S. Dist. LEXIS 22507, *5 (N.D. Cal. Feb. 25, 1998); FED. R. CIV. P 8(a)(2); FED. R. CIV. P 12(e). In his complaint, plaintiff alleged facts that are so vague and ambiguous

that defendant cannot file a responsive pleading. Specifically, plaintiff alleged the following:

    a.    In paragraph 7, plaintiff alleged that at all times mentioned in his complaint that each defendant was the agent, servant, or employee of his co-defendants and was acting within the scope of such agency or employment. However, plaintiff asserts no basis for this assertion nor provides any factual support that any employment or agency relationship actually existed between defendants. Plaintiff should be required to allege specific facts that any such relationship existed in order for defendant to properly respond.

    b.    In paragraph 11, plaintiff alleges a ten year campaign by defendants to destroy plaintiff's reputation and career, and that defendants published a mailer in which plaintiff was libeled. Plaintiff fails to allege or assert any basis for his claim that defendants knew of the alleged mailer or had any part in producing the alleged mailer. Plaintiff should be required to allege specific facts identifying which defendant(s) knew of the alleged mailer, took part in its production, or in the act of publishing the alleged mailer.

    c.    In paragraphs 17 and 27, plaintiff alleges that Bandera Falls Property Owner's Association is responsible for certain named defendants based on its own direct liability and Respondeat Superior. However, as discussed in this memorandum, paragraph 4, sub-paragraph a. supra, plaintiff fails to provide any factual support for this assertion. Plaintiff should be required to allege specific facts as to the existence of a relationship between the defendants named in those paragraphs and the Bandera Falls Property Owner's Association which would give rise to Respondeat Superior.

    d.    In paragraphs 20, 30, 39, and 62, plaintiff claims he is entitled to exemplary or punitive damages to punish defendants for their alleged acts and deter future misconduct. However, in his complaint plaintiff fails to cite any authority to support his claim for exemplary or punitive damages against defendants for the acts alleged. As such plaintiff's complaint is too vague for defendant to frame a responsive pleading. Accordingly, plaintiff should be required make a more definite statement and provide sufficient facts corresponding legal authority which support his claim of entitlement to exemplary or punitive damages.

    e.    By inference in paragraph 35, and specifically in paragraphs, 41, 53 and 54, plaintiff alleges defendants acted in a libelous manner toward plaintiff. Plaintiff claims certain defendants sent out a libelous mailer and that

certain defendants committed libelous acts, not specifically mentioned, against plaintiff. However, plaintiff asserts no facts tying the alleged libelous mailer or any libelous act to any specific defendant. The vagueness of these accusations makes it impossible for defendant to form a proper response. Plaintiff should be required to make a more definite statement and provide factual support for his claims regarding certain defendants ties to the alleged libelous mailer as well as for his claims of libelous acts by defendants. Plaintiff should also be required to specify such alleged libelous acts.

f. In paragraph 53, plaintiff alleges defendants owed him a duty of care but states no relationship between plaintiff and defendants which would give rise to such a duty. No where in his complaint does plaintiff provide any facts upon which one could conclude a relationship existed between defendant and plaintiffs giving rise to any duty of care owed plaintiff by defendants. The vagueness of this claim makes it impossible for defendant to form a proper response, and plaintiff should be required to make a more definite statement and provide factual support for his claim of a duty of care between defendants and himself.

g. In paragraphs 50, 69, 73, and 75, plaintiff alleges that defendants conduct constitutes fraud, oppression, or malice within the meaning of California Civil Code § 3294, and plaintiff is entitled to damages under that statute. However, plaintiff fails to provide any factual support for the claim that defendants, all Texas residents, are subject to California Civil Code § 3294 for alleged acts or conduct occurring within the State of Texas. No where in his complaint does plaintiff cite any Texas statute upon which such claims for damages could be made. Plaintiff's claim is so ambiguous that defendant cannot frame a responsive pleading. As the alleged acts or conduct plaintiff is complaining of occurred in Texas, plaintiff should be required to make a more definite statement and provide factual support for his claim that defendants are subject to California statutory law for claims arising out of Texas.

## C. CONCLUSION

5. Because plaintiff has not plead enough facts to allow a defendant to file a responsive pleading, the court should require plaintiff to amend his complaint with a more definite statement of the suit.

O:\CLIENTS\CURRENT\Parker, Tom\07074civ.C07-02920\Pleadings\More Def. Statement\memo of points 07.06.07.wpd    Page 4 of 5

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, for the above and foregoing reasons, Defendant Tom Parker prays that upon consideration of this Motion for a More Definite Statement that the Court grant the Motion and order plaintiff to amend his complaint with a more definite statement of the suit, and grant such other and further relief to which Defendant Tom Parker may be justly entitled at law or in equity, including damages and attorneys' fees whether pled or unpled.

Dated: July 6, 2007

      /s/ David K. Sergi
DAVID K. SERGI
Attorney for Defendant

## CERTIFICATE OF SERVICE

I certify that a copy of MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TOM PARKER'S MOTION FOR A MORE DEFINITE STATEMENT was served on plaintiff:

**VIA CMRRR 7003 0500 001 2246**
**AND FIRST CLASS MAIL**
Bunker B. W. Rogee, In Pro Se
101A Christel Oaks
Scotts Valley, CA 95066
(831) 295-2541

      /s/ David K. Sergi
DAVID K. SERGI
Attorney for Defendant Tom Parker