David K. Sergi (135201)
david@sergilaw.com
DAVID K. SERGI & ASSOCIATES, P.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
(512) 392-5010 Telephone
(512) 392-5042 Facsimile

*ATTORNEY FOR DEFENDANT TOM PARKER*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| **BUNKER B. W. ROGGE,**<br>Plaintiff. | **CASE NO. C07-02920**<br><br>**DEFENDANT'S FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TOM PARKER'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, DEFENDANT'S FIRST AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT TOM PARKER'S MOTION TO TRANSFER VENUE** |
| **BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, TOM PARKER,**<br>Defendants. | |

**DEFENDANT'S FIRST AMENDED MEMORANDUM
IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE**

Defendant files this motion to dismiss plaintiff's suit for improper venue as authorized by Federal Rule of Civil Procedure 12(b)(3). This motion, notice of motion, and memorandum in support of motion are filed subject to defendant Tom Parker's motion to dismiss for lack of personal jurisdiction.

### A. INTRODUCTION

1. Plaintiff is Bunker B. W. Rogge; defendant is Tom Parker.

2. Plaintiff, Bunker B. W. Rogge (hereinafter referred to as "Plaintiff" or "Rogge") has sued defendant Tom Parker (hereinafter referred to as "defendant" or "Parker") alleging civil rights violations under the 14th Amendment of the Constitution of the United States of America in addition to various state law causes of action for intentional interference with a contract, negligent interference with a contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress in the Northern District of California, San Jose Division.

3. Venue is improper; therefore the court should dismiss the suit, or in the alternative, transfer the suit to Western District of Texas, San Antonio Division.

### B. ARGUMENT

4. If an action is filed in an improper judicial district, the court may dismiss the action upon timely objection, or in the interests of justice, may transfer the case to a

district where the action could have been brought. 28 U.S.C. § 1406(a); *Ervin v. Judicial Council of Cal.*, 2007 U.S. Dist. LEXIS 39554 (N.D. Cal. May 18, 2007).

    5. The court should dismiss this case because a substantial part of plaintiff's claim did not occur in California. *See* 28 U.S.C. § 1391(a)(2); *Uffner v. La Reunion Francaise*, 244 F.3d 38, 42 (1st Cir. 2001); *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 263 (6th Cir. 1998). Plaintiff brought this suit against defendant alleging intentional interference with contracts to sell land in the Western District of Texas, within the Bandera Falls subdivision. (*See* Rogge Compl. ¶¶ 34-39.) Plaintiff also alleges negligent interference with contracts to sell real property in the Western District of Texas, specifically regarding sales of the Bandera Falls Subdivision. (*See* Rogge Compl. ¶¶ 40-45.) Plaintiff alleges that defendant intentionally and negligently interfered with his claimed prospective economic advantage in the production of revenues and profits from the sales of Bandera Falls lots, land and homes, owned by plaintiff, within the Western District of Texas. (*See* Rogge Compl. ¶¶ 46-55.) Plaintiff claims ownership of property located in Bandera County, Texas. (*See* Rogge Compl. ¶ 57.) Plaintiff alleges that defendants committed the tort of conversion of this property, located in the Western District of Texas, and has asserted the value of said property is approximately $178,829.00. (*See* Rogge Compl. ¶¶ 56-62.) Plaintiff also alleges acts by the defendants occurring within the Western District of Texas constitute a Due Process violation under the 14th Amendment of the United States Constitution; such alleged acts include interference with plaintiff's attempts to obtain licenses and permits from State of Texas administrative agencies, as well as an abuse of office by an elected official of Bandera County, Texas.

(*See* Rogge Compl. ¶¶ 63-69.)   None of these alleged claims occurred in the Northern District of California.  *See Gaston v. Gottesman*, 2007 U.S. Dist. LEXIS 31635 (N.D. Cal. Apr. 13, 2007).

**Transfer in the Interest of Justice**

6. The court may transfer this case to the Western District of Texas, San Antonio Division if (1) defendant is subject to the jurisdiction of the proposed forum, (2) venue is proper in the   proposed forum, and (3) the transfer is in the interest of justice.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467 (1962).

7. Defendant is subject to the jurisdiction of the proposed forum because he purposely availed himself to the jurisdiction of Texas through his business dealings in the state.  Plaintiff claims to currently own real property located in Bandera County, Texas.  (*See* Rogge Compl. ¶¶ 8-9.)  Plaintiff asserts that he has been attempting to sell said property since 2005.  He originally purchased said property through a corporation, in 1997.  All of plaintiff's claims in this case, at their very base,  arise out of his alleged ownership of this as well as other property located in Bandera County, Texas.  Plaintiff's continuous and systematic contacts with Texas over the last ten years are directly related to, and form the basis for his causes of action.  (*See* Rogge Compl.)

8. Venue is proper in Western District of Texas, San Antonio Division.  As Defendant's sole ground for jurisdiction is diversity of citizenship, venue is proper where any defendant resides so long as all defendants reside in the same state.  *See* 28 U.S.C. § 1391(a)(1).  In this case all ten defendants are residents of the state of Texas, specifically the Western District of Texas, therefore venue is proper in the Western

District of Texas, San Antonio Division. Defendant specifically pleads that venue is not proper in the Northen District of California because all or a substantial part of plaintiff's claim did not occur in this district. *See* 28 U.S.C. § 1391 (a)(2), (b)(2); . All or a substantial part of plaintiff's claims occurred within the Western District of Texas, as discussed in detail in paragraph 5, supra. Because these events occurred in the Western District of Texas, all of the events giving rise to plaintiff's cause of action occurred in the Western District of Texas, within the meaning of the venue statute. *See Gaston*, 2007 U.S. Dist. LEXIS 31635 at *4.

9. The transfer is in the interest of justice. *Goldlawr*, 369 U.S. at 467. *See* "E. ARGUMENT" *infra* ¶ 15(a)-(f).

### C. CONCLUSION

10. Because plaintiff filed suit in an improper district, the court should dismiss plaintiff's suit or, in the alternative, transfer it to the Western District of Texas, San Antonio Division.

### DEFENDANT'S FIRST AMENDED MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

In the event this Court determines venue is not improper, Defendant files this motion, in the alternative, to transfer plaintiff's suit, as authorized by 28 U.S.C. § 1404(a). This motion, notice of motion, and memorandum in support of motion are filed subject to defendant Tom Parker's motion to dismiss for lack of personal jurisdiction.

## D. INTRODUCTION

11. Plaintiff is Bunker B. W. Rogge; defendant is Tom Parker.

12. Plaintiff, Bunker B. W. Rogge (hereinafter referred to as "Plaintiff" or "Rogge") has sued defendant Tom Parker (hereinafter referred to as "Parker") alleging civil rights violations under the 14th Amendment of the Constitution of the United States of America in addition to various state law causes of action for intentional interference with a contract, negligent interference with a contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress in the Northern District of California, San Jose Division.

13. Venue is inconvenient for the defendant in this district. Venue is more convenient in the Western District of Texas, San Antonio Division; therefore, the court should transfer the suit to the Western District of Texas, San Antonio Division.

## E. ARGUMENT

14. The court may transfer a suit to any other district or division where it could have been brought for the convenience of the defendant or its witnesses and in the interest of justice. 28 U.S.C. § 1404(a); *see e.g., Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998) ("Section 1404(a) authorizes a district court to transfer a case in the interest of justice and for the convenience of the parties and witnesses"); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir.) (§ 1404(a) permits the court to use its discretion in adjudicating motions to transfer based on an individualized case-by-case consideration of convenience and fairness) *cert. denied*, 531 U.S. 928 (2000).

15. The court should grant defendant's motion to transfer for the following reasons:

   a. The present forum is inconvenient for defendant, and plaintiff will not be inconvenienced by the transfer. *Sorrels Steel Co. v. Great Sw. Corp.*, 651 F. Supp. 623, 629 (S.D. Miss. 1986). Plaintiff has brought this suit alleging claims arising out of the State of Texas, asserting that he has property and business interests in the State of Texas which have been violated, specifically the Western District of Texas. (*See* Rogge Compl. ¶¶ 8-9, 34-36, 43, 47, 57, 64.) One may assume that defendant travels to Texas, or has on occasion traveled to Texas. On the contrary, Parker has no business or property in California and has no interests requiring his personal attention in California. As plaintiff currently has interests located in the State of Texas which presumably require his attention and management he should not be inconvenienced by the transfer of this suit to the Western District of Texas, where he is already engaged in business. *See id.*

   b. A transfer to another district will be more convenient for defendant's material witnesses. 28 U.S.C. § 1404(a); *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 774-75 (E.D. Tex. 2000); *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F. Supp. 712, 720 (E.D.N.Y. 1996). Specifically, the defense anticipates calling numerous witness living in the Bandera Falls Subdivision in Bandera County, Texas to testify as to the property rights at issue in this suit, members of the State licensing agencies plaintiff alleges defendants conspired with to testify about State licensing procedures, members of the Bandera County District Attorney's office as well as members of the Bandera Falls Property Owners Association to testify as to plaintiff's Constitutional claim. Maintenance of this suit in the Western District of Texas, San Antonio Division would only require these witness to drive approximately 54.4 miles in order to testify and may or may not require them to take a full day off from their work. *See* Driving Directions from Bandera, TX to San Antonio, TX, *at* http://www.mapquest.com (last accessed July 2, 2007). However, if this suit were to remain in the Northern District of Califomia, San Jose Division, testifying in this case would require these same witnesses to travel approximately 1,657.98 miles and take a significant amount of time off from their jobs. *See* Driving Directions from Bandera, TX to San Jose, CA, *at* http://www.mapquest.com (last accessed July 2, 2007). As such, transfer of plaintiff's suit to the Western District of Texas would be much more convenient and feasible for defendant's material witnesses. *See Lexecon Inc.*, 523 U.S. at 34.

    c.    Because of the financial hardships discussed in the previous paragraph defendant's witnesses may be unwilling to testify in the current forum. Furthermore, such witnesses would be beyond compulsory process of this court as they live nearly 1,658 miles away from San Jose, California. *See* FED. R. CIV. P. 45; Driving Directions from Bandera, TX to San Jose, CA, *at* http://www.mapquest.com (last accessed July 2, 2007). However, compulsory process for the attendance of any unwilling witnesses is available in the Western District of Texas, San Antonio Division. As discussed supra in sub-paragraph b, the majority of defendant's witnesses in this case are likely to be residents of Bandera County, Texas, which is approximately 54.4 miles from San Antonio; well within the 100 mile radius available for compulsory process. *See* FED. R. CIV. P. 45; Driving Directions from Bandera, TX to San Antonio, TX, *at* http://www.mapquest.com (last accessed July 2, 2007).

    d.    Practical considerations make the trial of this case more efficient and less expensive in the Western District of Texas, San Antonio Division. *See Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 991 (E.D.N.Y 1991). "Discovery, including depositions of the non-party witnesses, could take place ... [where] these witnesses reside." *Id*. All documents regarding ownership of the property in issue are located in the Western District of Texas. Furthermore, all ten defendants in this case are domiciled in the Western District of Texas; it seems logical that cooperation and coordination between and amongst the co-defendants in a case such as this would serve the interests of judicial efficiency. Such efficiency would likely be obtained with far greater ease by ten Texas defendants in a case arising out of Texas, being heard in the Western District of Texas, as opposed to the Northern District of California. *See Jones*, 211 F.3d at 498.

    e.    Litigating the case in this district would force citizens in a community with no connection to the litigation to serve on the jury. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947). Transfer will eliminate the unfairness of burdening citizens in an unrelated forum with jury duty. To the contrary, transfer to the Western District of Texas will serve the local interest in adjudicating localized controversies. Additionally, some courts have held when considering this factor that transfer is proper noting that the plaintiff's choice of forum was not the place of the wrong. *See Robertson v. Kiamichi R.R.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999).

    f.    The proposed forum is more familiar with the law that will govern the case. *See Sorrels Steel Co. v. Great Sw. Corp.*, 651 F. Supp. 623, 630 (S.D. Miss. 1986). Specifically, as all or substantially all of plaintiff's claims arise out of his alleged ownership of property and business dealings

in Bandera County, Texas, the laws of the state of Texas should be applied in adjudicating this dispute. (*See* Rogge Compl. ¶¶ 8-9, 34-36, 43, 47, 57, 64.) Certain aspects of this suit may require detailed analysis and understanding of intricate aspects of property law and water/mineral rights law unique to Texas. Accordingly, a court familiar with the laws of Texas should adjudicate the dispute. *See e.g., Hernandez*, 761 F. Supp. at 991 (dictating it is judicially desirable to have cases decided by a court familiar with the substantive law to be applied); *see also Kreisner v. Hilton Hotel Corp.*, 468 F. Supp. 176, 179 (E.D.N.Y. 1979) ("while there may not be novel ... issues of State law to be resolved, construction of State law is best left to courts most familiar with it").

### F. CONCLUSION

16. Because plaintiff filed suit in an inconvenient district, the court should transfer plaintiff's suit to the Western District of Texas, San Antonio Division.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, for the above and foregoing reasons, Defendant Tom Parker prays that upon consideration of this Motion that the Court grant the Motion and Dismiss plaintiff's suit, or in the alternative grant the Motion to Transfer and transfer plaintiff's suit to Western District of Texas, San Antonio Division, and grant such other and further relief to which Defendant Tom Parker may be justly entitled at law or in equity, including damages and attorneys' fees whether pled or unpled.

Dated: July 16, 2007                              /s/ David K. Sergi
                                                  DAVID K. SERGI
                                                  Attorney for Defendant

O:\CLIENTS\CURRENT\Parker, Tom\07074civ.C07-02920\Pleadings\Improper Venue\1st amended memo of points 07.16.07.wpd                    Page 9 of 10

## CERTIFICATE OF SERVICE

I certify that a copy of "Defendant's Memorandum of Points and Authorities in Support of Defendant Tom Parker's Motion To Dismiss for Improper Venue, or in the Alternative, Memorandum of Points and Authorities in Support of Defendant Tom Parker's Motion to Transfer Venue" was served on plaintiff:

**VIA CMRRR**
**AND FIRST CLASS MAIL**
Bunker B. W. Rogee, In Pro Se
101A Christel Oaks
Scotts Valley, CA 95066
(831) 295-2541

      /s/ David K. Sergi
DAVID K. SERGI
Attorney for Defendant Tom Parker