RALPH J. SWANSON, CA STATE BAR NO. 67751
SHANNON N. COGAN, CA STATE BAR NO. 214976
BERLINER COHEN
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
ralph.swanson@berliner.com
shannon.cogan@berliner.com

ATTORNEYS FOR DEFENDANTS BANDERA FALLS
PROPERTY OWNER'S ASSOCIATION, JEAN M. KENNEDY,
CLAUDE LINDLEY, LORETTA LINDLEY, PAUL AHRENS,
SERGIO ORTEGA, AND ROB JACOBSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BUNKER B.W. ROGGE,<br><br>Plaintiff,<br><br>v.<br><br>BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, and TOM PARKER,<br><br>Defendants. | CASE NO. C 07-02920 PVT<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SEVENTH AND EIGHTH CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>Date:  August 28, 2007<br>Time:  10:00<br>Dept.:  Courtroom 5<br>Judge:  Hon. Patricia V. Trumbull<br><br>Case Filed: June 5, 2007<br>Trial Date: none set |
|---|---|

I.    SUMMARY OF RELIEF REQUESTED

Defendants Bandera Falls Property Owner's Association, Claude Lindley, Paul Ahrens, Loretta Lindley, Rob Jacobson, Jean Kennedy, and Sergio Ortega (collectively, "Defendants") respectfully request that the Court dismiss the Seventh and Eighth Causes of Action of the complaint filed by Plaintiff Bunker B.W. Rogge. Defendants bring their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. ARGUMENT

This motion to dismiss is authorized by Federal Rule of Civil Procedure 12(b)(6), which provides, in relevant part:

> Every defense, in law or fact, to a claim for relief in any pleading, […] shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: […] (6) failure to state a claim upon which relief can be granted […].

Fed. R. Civ. Pro. 12(b)(6). A motion to dismiss for failure to state a claim is appropriate when the complaint lacks sufficient facts to allege a cognizable legal theory (*Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)), or when an affirmative defense or other bar to relief is apparent from the face of the complaint. *See Groten v. California*, 251 F.3d 844, 851 (9th Cir. 2001).

Here, Plaintiff's Complaint lacks sufficient facts to allege a cognizable legal theory against Defendants with regard to the Seventh Cause of Action for Conversion and the Eighth Cause of Action for "Constitutional Violation of the Fourteenth Amendment as to Due Process of Law". A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (1993), *quoted in Mathews v. City of La Verne*, 1997 U.S. Dist. LEXIS 5936 (C.D. Cal. 1997), at 5. As discussed in detail below, the Seventh and Eighth Causes of Action do not allege facts sufficient to state any claim upon which relief may be granted. Therefore, those causes of action should be dismissed.

### A. The Seventh Cause of Action Lacks Sufficient Facts to Allege a Cognizable Legal Theory as Against Defendants

Plaintiff's Seventh Cause of Action is alleged against Defendants Claude Lindley, Sergio Ortega, and Paul Ahrens, in addition to other defendants not party to this motion, namely, Kerry Helgren Schneider and Tom Parker. Plaintiff incorporates all previous allegations and specifically alleges that he owns or is entitled to possess certain property (Complaint, pp. 12:21-13:12), that Defendants "exercised dominion over, took and/or made unauthorized use" of that property (Complaint, pp. 13:13-14), and that Defendants have "wrongfully taken control" of

1 numerous enumerated items (Complaint, pp. 13:17-15:10). Plaintiff's Complaint contains no allegations regarding Defendants' specific actions that Plaintiff believes constitute unauthorized use or wrongful control.

A motion to dismiss for failure to state a claim tests a plaintiff's compliance with the liberal pleading requirements of Federal Rules of Civil Procedure 8(a)(2). Rule 8(a) states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 12(b)(6), "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957). However, complaints which contain only conclusory statements and which are lacking in specific factual allegations will not survive a Rule 12(b)(6) motion. The Court is not required to accept as true conclusory allegations or legal characterizations that are not factually supported. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied* at 454 U.S. 1031 (1981); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

To prove his claim for conversion, Plaintiff must show (1) ownership or right to possession of the property he seeks; (2) Defendants' conversion of that property by a wrongful act or disposition of Plaintiff's property rights; and (3) damages. *See Chartered Bank of London v. Chrysler Corp.*, 115 Cal. App. 3d 755, 759-760 (1981). Plaintiff's Seventh Cause of Action is deficient in that he has not alleged any particular facts regarding Defendants' allegedly wrongful acts or disposition of his property. Rather, Plaintiff concludes *eight times* that "Defendants have wrongfully taken control" of various water-related items. Complaint, pp. 13:17-15:2. Plaintiff fails entirely to allege, even generally, what actions by Defendants constituted an allegedly wrongful act. Plaintiff's conclusory allegations provide no notice to Defendants as to the nature of Plaintiff's claim.

The gist of an action for conversion is the wrongful interference with the right of possession. *Chatterton v. Boone*, 81 Cal. App. 2d 943, 946 (1947). However, not all interferences with property constitute conversion. An action for conversion will lie only if defendant's conduct amounts to a substantial interference with plaintiff's possession or his or her

1  rights thereto. *Jordan v. Talbot*, 55 Cal. 2d 597, 610 (1961). Here, because Plaintiff has not
2  specified any particular act by Defendants which he alleges is wrongful, there is no way to
3  determine whether the alleged conducts qualifies as substantial interference sufficient to
4  maintain a conversion cause of action. Because Plaintiff's conclusory allegations are not
5  factually supported, the Seventh Cause of Action should be dismissed.

6  In addition, Plaintiff alludes to the conversion of three separate categories of money, but
7  he fails to allege a specific and certain amount of money that was allegedly converted. Money is
8  subject to conversion when a specific, identifiable sum is involved. *See Software Design and
9  Application Ltd. v. Hoefer and Arnett, Inc.*, 49 Cal. App. 4th 472, 485 (1996). Plaintiff has not
10 pled that any specific, identifiable sums of money were converted. Rather, he concludes that
11 Defendants "have wrongfully deprived" him of "monthly revenue fees in excess of
12 $120,000.00," "wrongfully removed funds from a joint checking account," and have "received a
13 grant in excess of $275,000.00, which would have been in part the property of Bunker Rogge."
14 Complaint, pp. 15:3-15:10. Plaintiff's statements that he was deprived of amounts "in excess" of
15 $120,000 and $275,000 do not constitute facts sufficient to support a claim for conversion of
16 money, because they are not specific and identifiable sums. Plaintiff's allegation that
17 Defendants removed funds from a checking account is completely devoid of reference to any
18 amount whatsoever, and is similarly insufficient to support an action for conversion.

19  B.  The Eighth Cause of Action Lacks Sufficient Facts to Allege a Cognizable Legal Theory as Against Defendants

20  Plaintiff's Eighth Cause of Action is alleged against Defendants Claude Lindley, Sergio
21 Ortega, and Paul Ahrens, in addition to other defendants not party to this motion, namely, Kerry
22 Helgren Schneider and Tom Parker. The Eighth Cause of Action stands alone in the Complaint,
23 as Plaintiff does not incorporates any previous or subsequent allegations into the cause of action.
24 While the Eighth Cause of Action is denominated as a constitutional due process claim, Plaintiff
25 has also included conclusory allegations regarding conspiracy and housing discrimination.

26  With regard to the constitutional claim, Plaintiff has not alleged that any actions of Mr.
27 Lindley, Mr. Ortega, or Mr. Ahrens are fairly attributable to the government, and there are no

CASE NO. C 07-02920 PVT                    -4-
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

facts alleged in the Complaint as a whole to support such an inference. In order to maintain a cause of action against individuals based on an allegation of constitutional violations, Plaintiff must show that the actions complained of are "fairly attributable" to the government. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *see also Vincent v. Trend Western Technical Corp.*, 828 F.2d 563, 567 (9th Cir. 1987). To survive a Rule 12(b)(6) motion to dismiss, Plaintiff is required to show that it would be fair to attribute Defendants' actions to the federal government. *See Morse v. North Coast Opportunities*, 118 F.3d 1338, 1340 (9th Cir. 1997). Clearly, the dearth of allegations permitting even an inference that any actions by Defendants are attributable to the government results in Plaintiff failing to state a constitutional claim against these Defendants.

Plaintiff also makes vague allegations that Defendants "conspired" to delay state and county licensing and permitting processes (Complaint, p. 17:11-19), however, these statements are not sufficient to support claims for conspiracy, which require the formation and operation of the conspiracy and damage resulting to Plaintiff from an act or acts done in furtherance of the common design. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994); *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 845-846 (1994). Even the most generous reading of these allegations fails to find any information regarding the formation or operation of the alleged conspiracy, or any overt act done in furtherance of the conspiracy.

Finally, Plaintiff has included one paragraph alleging that Defendants "have engaged in economic housing discrimination" by virtue of changing conditions, covenants, and restrictions. Complaint, pp. 17:20-18:1. This one paragraph is not supported by any other allegations regarding Plaintiff's standing to assert a housing discrimination claim, any particular person who was discriminated against or denied housing, or any other component of such a claim.

Because the Eighth Cause of Action lacks facts sufficient to support a cognizable legal theory, whether a constitutional claim, a conspiracy claim, or a housing discrimination claim, the Eighth Cause of Action should be dismissed as to Defendants.

///

///

1  III.    CONCLUSION

2  Plaintiff has failed to plead facts sufficient to support a legally cognizable theory against Defendants, and the Seventh and Eighth Causes of Action should be dismissed.

DATED:  JULY 17, 2007                    BERLINER COHEN

BY:  /s/
RALPH J. SWANSON
SHANNON N. COGAN
ATTORNEYS FOR DEFENDANTS BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, JEAN M. KENNEDY, CLAUDE LINDLEY, LORETTA LINDLEY, PAUL AHRENS, SERGIO ORTEGA, AND ROB JACOBSON