RALPH J. SWANSON, CA STATE BAR NO. 67751
SHANNON N. COGAN, CA STATE BAR NO. 214976
BERLINER COHEN
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
ralph.swanson@berliner.com
shannon.cogan@berliner.com

ATTORNEYS FOR DEFENDANTS BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, JEAN M. KENNEDY, CLAUDE LINDLEY, LORETTA LINDLEY, PAUL AHRENS, SERGIO ORTEGA, AND ROB JACOBSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| BUNKER B.W. ROGGE, | CASE NO. C 07-02920 PVT |
|---|---|
| Plaintiff, | DEFENDANTS' ANSWER TO COMPLAINT |
| v. | Case Filed: June 5, 2007 |
| BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, and TOM PARKER, | Trial Date: none set |
| Defendants. | |

For their Answer to the Complaint filed by Plaintiff Bunker B.W. Rogge, Defendants Bandera Falls Property Owner's Association, Claude Lindley, Paul Ahrens, Loretta Lindley, Rob Jacobson, Jean Kennedy, and Sergio Ortega (collectively, "Defendants"), for themselves alone and for no other defendant, allege as follows:

1. With respect to paragraph 1 of the Complaint, Defendants are without information or belief upon the subject sufficient to enable them to answer the specific allegations of this paragraph, and on that basis deny each and every allegation contained therein.

CASE NO. C 07-02920 PVT
-1-
DEFENDANTS' ANSWER TO COMPLAINT

\SCOGAN\731938.2
071707-16236001

1   2.   With respect to paragraph 2 of the Complaint, Defendants admit the allegations therein.

3.   With respect to paragraph 3 of the Complaint, Defendants admit the allegations therein.

4.   With respect to paragraph 4 of the Complaint, Defendants expressly deny that Kerry Helgren Schneider is the Bandera Falls Property Owner's Association's attorney. Defendants are without information or belief upon the subject sufficient to enable them to answer the remaining allegations of this paragraph, and on that basis deny each and every remaining allegation contained therein.

5.   With respect to paragraph 5 of the Complaint, Defendants expressly deny each and every allegation contained therein.

6.   With respect to paragraph 6 of the Complaint, Defendants admit that they are all residents of the state of Texas. Defendants are without information or belief upon the subject sufficient to enable them to answer the remaining allegations of this paragraph, and on that basis deny each and every remaining allegation contained therein.

7.   With respect to paragraph 7 of the Complaint, Defendants expressly deny each and every allegation contained therein.

## FIRST CAUSE OF ACTION

### [Libel Per Se]

8.   With respect to paragraph 8 of the Complaint, Defendants are without information or belief upon the subject sufficient to enable them to answer the allegations of this paragraph, and on that basis deny each and every allegation contained therein.

9.   With respect to paragraph 9 of the Complaint, Defendants admit that Oakstar Development Inc. purchased property in the Bandera Falls subdivision in 1997. Defendants expressly deny Plaintiff's allegation that "Defendants have combined and conspired to interfere with the marketing and sales of the Bandera Falls property, they have interfered with licensing and permits at the county and state levels." Defendants are without information or belief upon

1  the subject sufficient to enable them to answer the remaining allegations of this paragraph, and
2  on that basis deny each and every remaining allegation contained therein.

3      10.    With respect to paragraph 10 of the Complaint, Defendants are without
4  information or belief upon the subject sufficient to enable them to answer the allegations of this
5  paragraph, and on that basis deny each and every allegation contained therein.

6      11.    With respect to paragraph 11 of the Complaint, Defendants admit that a
7  newsletter was mailed to Kenneth Howarth at an address in San Mateo, California. Defendants
8  further admit that statements published in the newsletter are reproduced at subparagraphs (a)
9  through (p) and are correct in substance, though there are some discrepancies as to capitalization
10 and punctuation. Defendants expressly deny that these statements are libelous or defamatory.
11 Except as expressly admitted herein, Defendants deny each and every allegation contained
12 therein.

13     12.    With respect to paragraph 12 of the Complaint, Defendants expressly deny each
14 and every allegation contained therein.

15     13.    With respect to paragraph 13 of the Complaint, Defendants expressly deny each
16 and every allegation contained therein.

17     14.    With respect to paragraph 14 of the Complaint, Defendants expressly deny each
18 and every allegation contained therein.

19     15.    With respect to paragraph 15 of the Complaint, Defendants expressly deny each
20 and every allegation contained therein.

21     16.    With respect to paragraph 16 of the Complaint, Defendants expressly deny each
22 and every allegation contained therein.

23     17.    With respect to paragraph 17 of the Complaint, Defendants expressly deny each
24 and every allegation contained therein.

25     18.    With respect to paragraph 18 of the Complaint, Defendants expressly deny each
26 and every allegation contained therein.

27     19.    With respect to paragraph 19 of the Complaint, Defendants expressly deny each
28 and every allegation contained therein.

1    20.    With respect to paragraph 20 of the Complaint, Defendants expressly deny each
2 and every allegation contained therein.

3                           SECOND CAUSE OF ACTION

4                                  [Trade Libel]

5    21.    With respect to paragraph 21 of the Complaint, Defendants incorporate by
6 reference herein each and every answer to paragraphs 1 through 20, inclusive.

7    22.    With respect to paragraph 22 of the Complaint, Defendants expressly deny each
8 and every allegation contained therein.

9    23.    With respect to paragraph 23 of the Complaint, Defendants expressly deny each
10 and every allegation contained therein.

11    24.    With respect to paragraph 24 of the Complaint, Defendants expressly deny each
12 and every allegation contained therein.

13    25.    With respect to paragraph 25 of the Complaint, Defendants expressly deny each
14 and every allegation contained therein.

15    26.    With respect to paragraph 26 of the Complaint, Defendants expressly deny each
16 and every allegation contained therein.

17    27.    With respect to paragraph 27 of the Complaint, Defendants expressly deny each
18 and every allegation contained therein.

19    28.    With respect to paragraph 28 of the Complaint, Defendants expressly deny each
20 and every allegation contained therein.

21    29.    With respect to paragraph 29 of the Complaint, Defendants expressly deny each
22 and every allegation contained therein.

23    30.    With respect to paragraph 30 of the Complaint, Defendants expressly deny each
24 and every allegation contained therein.

25    31.    With respect to paragraph 31 of the Complaint, Defendants expressly deny each
26 and every allegation contained therein.

27    32.    With respect to paragraph 32 of the Complaint, Defendants expressly deny each
28 and every allegation contained therein.

33. With respect to paragraph 33 of the Complaint, Defendants expressly deny each and every allegation contained therein.

### THIRD CAUSE OF ACTION

### [Intentional Interference with a Contract]

34. With respect to paragraph 34 of the Complaint, Defendants incorporate by reference herein each and every answer to paragraphs 1 through 33, inclusive.

35. With respect to paragraph 35 of the Complaint, Defendants expressly deny each and every allegation contained therein.

36. With respect to paragraph 36 of the Complaint, Defendants expressly deny each and every allegation contained therein.

37. With respect to paragraph 37 of the Complaint, Defendants expressly deny each and every allegation contained therein.

38. With respect to paragraph 38 of the Complaint, Defendants expressly deny each and every allegation contained therein.

39. With respect to paragraph 39 of the Complaint, Defendants expressly deny each and every allegation contained therein.

### FOURTH CAUSE OF ACTION

### [Negligent Interference with a Contract]

40. With respect to paragraph 40 of the Complaint, Defendants incorporate by reference herein each and every answer to paragraphs 1 through 39, inclusive.

41. With respect to paragraph 41 of the Complaint, Defendants expressly deny each and every allegation contained therein.

42. With respect to paragraph 42 of the Complaint, Defendants expressly deny each and every allegation contained therein.

43. With respect to paragraph 43 of the Complaint, Defendants expressly deny each and every allegation contained therein.

44. With respect to paragraph 44 of the Complaint, Defendants expressly deny each and every allegation contained therein.

45. With respect to paragraph 45 of the Complaint, Defendants expressly deny each and every allegation contained therein.

### FIFTH CAUSE OF ACTION

[Intentional Interference with Prospective Economic Advantage]

46. With respect to paragraph 46 of the Complaint, Defendants incorporate by reference herein each and every answer to paragraphs 1 through 45, inclusive.

47. With respect to paragraph 47 of the Complaint, Defendants expressly deny each and every allegation contained therein.

48. With respect to paragraph 48 of the Complaint, Defendants expressly deny each and every allegation contained therein.

49. With respect to paragraph 49 of the Complaint, Defendants expressly deny each and every allegation contained therein.

50. With respect to paragraph 50 of the Complaint, Defendants expressly deny each and every allegation contained therein.

### SIXTH CAUSE OF ACTION

[Negligent Interference with Prospective Economic Advantage]

51. With respect to paragraph 51 of the Complaint, Defendants incorporate by reference herein each and every answer to paragraphs 1 through 50, inclusive.

52. With respect to paragraph 52 of the Complaint, Defendants are without information or belief upon the subject sufficient to enable them to answer the allegations of this paragraph, and on that basis deny each and every allegation contained therein.

53. With respect to paragraph 53 of the Complaint, Defendants expressly deny each and every allegation contained therein.

54. With respect to paragraph 54 of the Complaint, Defendants expressly deny each and every allegation contained therein.

55. With respect to paragraph 55 of the Complaint, Defendants expressly deny each and every allegation contained therein.

///

## SEVENTH CAUSE OF ACTION

### [Conversion]

56. With respect to paragraph 56 of the Complaint, Defendants incorporate by reference herein each and every answer to paragraphs 1 through 55, inclusive.

57. With respect to paragraph 57 of the Complaint, Defendants are without information or belief upon the subject sufficient to enable them to answer the allegations of this paragraph, and on that basis deny each and every allegation contained therein.

58. With respect to paragraph 58 of the Complaint, Defendants expressly deny each and every allegation contained therein.

59. With respect to paragraph 59 of the Complaint, Defendants expressly deny each and every allegation contained therein.

60. With respect to paragraph 60 of the Complaint, Defendants expressly deny each and every allegation contained therein.

61. With respect to paragraph 61 of the Complaint, Defendants expressly deny each and every allegation contained therein.

62. With respect to paragraph 62 of the Complaint, Defendants expressly deny each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION

### [Constitutional Violation of the Fourteenth Amendment as to Due Process of Law]

63. With respect to paragraph 63 of the Complaint, Defendants expressly deny that Kerry Helgren Schneider privately represents the Bandera Falls Property Owners Association. Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

64. With respect to paragraph 64 of the Complaint, Defendants are without information or belief upon the subject sufficient to enable them to answer the allegations of this paragraph, and on that basis deny each and every allegation contained therein.

65. With respect to paragraph 65 of the Complaint, Defendants are without information or belief upon the subject sufficient to enable them to answer the allegations of this paragraph, and on that basis deny each and every allegation contained therein.

66. With respect to paragraph 66 of the Complaint, Defendants expressly deny each and every allegation contained therein.

67. With respect to paragraph 67 of the Complaint, Defendants expressly deny each and every allegation contained therein.

68. With respect to paragraph 68 of the Complaint, Defendants expressly deny each and every allegation contained therein.

69. With respect to paragraph 69 of the Complaint, Defendants expressly deny each and every allegation contained therein.

## NINTH CAUSE OF ACTION

[Intentional Infliction of Emotional Distress]

70. With respect to paragraph 70 of the Complaint, Defendants incorporate by reference herein each and every answer to paragraphs 1 through 69, inclusive.

71. With respect to paragraph 71 of the Complaint, Defendants expressly deny each and every allegation contained therein.

72. With respect to paragraph 72 of the Complaint, Defendants expressly deny each and every allegation contained therein.

73. With respect to paragraph 73 of the Complaint, Defendants expressly deny each and every allegation contained therein.

74. With respect to paragraph 74 of the Complaint, this paragraph contains no allegations requiring a response. Defendants deny that Plaintiff is entitled to any damages whatsoever.

75. With respect to paragraph 75 of the Complaint, this paragraph contains no allegations requiring a response. Defendants deny that Plaintiff is entitled to any damages whatsoever.

1    76.    With respect to paragraph 76 of the Complaint, this paragraph contains no allegations requiring a response. Defendants deny that Plaintiff is entitled to costs of suit or any other relief whatsoever.

### TENTH CAUSE OF ACTION

[Negligent Infliction of Emotional Distress]

77.    With respect to paragraph 77 of the Complaint, Defendants incorporate by reference herein each and every answer to paragraphs 1 through 76, inclusive.

78.    With respect to paragraph 78 of the Complaint, Defendants expressly deny each and every allegation contained therein.

79.    With respect to paragraph 79 of the Complaint, Defendants expressly deny each and every allegation contained therein.

80.    With respect to paragraph 80 of the Complaint, this paragraph contains no allegations requiring a response. Defendants deny that Plaintiff is entitled to any damages whatsoever.

81.    With respect to paragraph 81 of the Complaint, this paragraph contains no allegations requiring a response. Defendants deny that Plaintiff is entitled to costs of suit or any other relief whatsoever.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

[Failure to State a Cause of Action]

1.    As and for a first, separate and affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff's Complaint, and each of the purported causes of action contained therein, fails to state facts sufficient to constitute a cause or causes of action against Defendants.

///

///

///

///

## SECOND AFFIRMATIVE DEFENSE

### [Statute of Limitations]

2. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Complaint is barred by the statute of limitations set forth in California Code of Civil Procedure sections 335 through 349.4.

## THIRD AFFIRMATIVE DEFENSE

### [Comparative Fault or Negligence]

3. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the injuries sustained by Plaintiff, if any, were either wholly or in part negligently caused by Plaintiff or caused by persons, firms, corporations or entities other than Defendants and said fault or negligence is either imputed to Plaintiff by reason of the relationship of said persons, firms, corporations or entities other than these answering Defendants to Plaintiff and/or said fault or negligence comparatively reduces the percentage of negligence, if any, by these answering Defendants.

## FOURTH AFFIRMATIVE DEFENSE

### [Equitable Indemnity/Comparative Contribution]

4. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants alleges that in the event Defendants are held liable, these Defendants are entitled to a percentage contribution of the total liability from persons, firms, corporations or entities other than these answering Defendants in accordance with the principles of equitable indemnity and comparative contribution.

## FIFTH AFFIRMATIVE DEFENSE

### [Negligence/Liability of Other Persons/Entities]

5. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the charges alleged in the Complaint, if any, were caused by the negligence and liability of persons, firms, corporations or entities other than these answering Defendants.

///

### SIXTH AFFIRMATIVE DEFENSE

[Failure to Mitigate]

6. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that Plaintiff failed to mitigate the alleged damages, if any, which he claims to have sustained and recovery should be barred or diminished accordingly.

### SEVENTH AFFIRMATIVE DEFENSE

[Willful Misconduct]

7. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the alleged injuries or damages suffered by Plaintiff, if any, were the sole and proximate result of the willful misconduct of persons, firms, corporations or entities other than these answering Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

[Superseding Independent Intervening Proximate Cause]

8. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that no act or omission on its part was a substantial factor in bringing about the alleged damages to Plaintiff, nor was any act or omission on the part of Defendants a contributing cause of the alleged damages suffered by Plaintiff and any alleged acts or omissions of Defendants were superseded by the alleged acts or omissions of other persons, firms, corporations or entities, including Plaintiff, which were the independent, intervening, and proximate cause of any injuries or damages sustained by Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

[Conduct of Others]

9. As and for a further affirmative defense to the Complaint, and to each an every cause of action contained therein, Defendants allege that if Plaintiff sustained damages, which these answering Defendants expressly deny, then those damages were caused by persons other than these answering Defendants and for which these answering Defendants are not responsible.

///

## TENTH AFFIRMATIVE DEFENSE

### [Waiver]

10. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that if Plaintiff sustained damages, which these answering Defendants expressly deny, then Plaintiff is barred by the doctrine of waiver from recovering those damages from these answering Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### [Estoppel]

11. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that if Plaintiff sustained damages, which Defendants expressly deny, then Plaintiff is barred by the doctrine of estoppel from recovering those damages from Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

### [Unclean Hands]

12. As and for a further affirmative defense to the Complaint and to each and every cause of action contained therein, Defendants allege that Plaintiff is barred from seeking equitable relief by the doctrine of unclean hands by virtue of Plaintiff's own conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

### [Failure to Join Necessary Parties]

13. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege Plaintiff has failed to join all necessary parties as is required by Federal Rule of Civil Procedure 19 and California Code of Civil Procedure section 389.

## FOURTEENTH AFFIRMATIVE DEFENSE

### [Laches]

14. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that if Plaintiff sustained damages, which

1  Defendants expressly deny, then Plaintiff is barred by the doctrine of laches from recovering
2  those damages from Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

### [Personal Jurisdiction]

15. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the Court lacks personal jurisdiction over Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

### [Venue]

16. As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Defendants allege that the United States District Court for the Northern District of California is not the proper venue for Plaintiff's action.

### PRAYER

WHEREFORE, Defendants, and each of them, pray for judgment as follows:

1. That Plaintiff take nothing by reason of his Complaint;
2. That Defendants be awarded reasonable attorneys' fees in an amount according to proof;
3. That Defendants be awarded costs of suit incurred herein; and
4. For such other and further relief as the court may deem just and proper.

DATED: JULY 17, 2007                     BERLINER COHEN

                                          BY:  /s/
                                              RALPH J. SWANSON
                                              SHANNON N. COGAN
                                              ATTORNEYS FOR DEFENDANTS BANDERA FALLS
                                              PROPERTY OWNER'S ASSOCIATION, JEAN M.
                                              KENNEDY, CLAUDE LINDLEY, LORETTA
                                              LINDLEY, PAUL AHRENS, SERGIO ORTEGA, AND
                                              ROB JACOBSON