David K. Sergi (135201)
david@sergilaw.com
DAVID K. SERGI & ASSOCIATES, P.C.
109 East Hopkins, Suite 200
San Marcos, Texas 78666
(512) 392-5010 Telephone
(512) 392-5042 Facsimile

*Attorney for Defendant Tom Parker*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | | |
|---|---|---|
| BUNKER B. W. ROGGE,<br>PLAINTIFF, | § § § | CASE NO. C 07-02920 JW |
| VS. | § § § § § § | DEFENDANT TOM PARKER'S OBJECTION AND NOTICE OF NON-JOINDER TO *JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER FILED BY BUNKER ROGGE* |
| BANDERA FALL'S PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, TOM PARKER,<br>DEFENDANTS. | § § § § § § § § § § | DATE:<br>TIME:<br>DEPT.: Courtroom 8<br>JUDGE: Hon. James Ware<br>CASE FILED: June 5, 2007<br>TRIAL DATE: None Set |

**DEFENDANT'S OBJECTION AND NOTICE OF NON-JOINDER TO**
***JOINT CASE MANAGEMENT STATEMENT***
***AND PROPOSED ORDER FILED BY BUNKER ROGGE***

Defendant Tom Parker ("Parker") files this objection and notice of non-joinder to the purported joint case management statement and proposed order filed by Plaintiff on August 15, 2007. This objection and notice of non-joinder, notice of objection and notice

of non-joinder, and proposed order are filed subject to Parker's motion to dismiss for lack of personal jurisdiction, served and filed previously.

### A. INTRODUCTION

1. Plaintiff is Bunker B. W. Rogge; defendant is Tom Parker.

2. Plaintiff, Bunker B. W. Rogge (hereinafter referred to as "plaintiff" or "Rogge") has sued defendant Tom Parker (hereinafter referred to as "defendant" or "Parker") alleging civil rights violations under the 14th Amendment of the Constitution of the United States of America in addition to various state law causes of action for intentional interference with a contract, negligent interference with a contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, conversion, intentional infliction of emotional distress, and negligent infliction of emotional distress in the Northern District of California, San Jose Division.

3. Parker's objection and notice of non-joinder to the "Joint Case Management Statement and Proposed Order" filed by Bunker Rogge is based on the fact that the document filed was actually a separate case management statement filed individually by Plaintiff; at no time prior to filing did Plaintiff consult Parker as to any aspect of the filed document. And, the document as currently titled on the docket, does not reflect compliance with the requirements of Civil L.R. 16-3, Civil L.R. 16-9(a), nor this Court's Order of August 14, 2007 entitled "Order Vacating Case Management Conference."

### B. ARGUMENT

4. Plaintiff filed a document entitled "Joint Case Management Statement and Proposed Order" on August 15, 2007.

5. At no time prior to filing did Plaintiff consult Parker as to any aspect of the filed document.

6. In no way or manner and under no circumstance does Parker agree with or join the case management statement **filed by Plaintiff, entitled "Joint Case Management Statement and Proposed Order."**

7. Parker believes Plaintiff improperly titled his filing as the document filed by Plaintiff, as currently titled on the docket, does not reflect compliance with the requirements of **Civil L.R. 16-3, Civil L.R. 16-9(a)**, nor this Court's Order of August 14, 2007 entitled "Order Vacating Case Management Conference."

## C. CONCLUSION

8. Parker respectfully requests the Court recognize the document filed by Plaintiff on August 15, 2007 was not in fact a "Joint Case Management Statement and Proposed Order," but actually a Separate Case Management Statement and Proposed Order, filed by Plaintiff Bunker Rogge individually. This Court should require the document be re-titled to reflect its true nature as a Separate Case Management Statement and Proposed Order, filed individually by Plaintiff, and order Plaintiff to re-file the document in accordance with Civil L.R. 16-3, 16-9(a), and this Court's Order of August 14, 2007 entitled "Order Vacating Case Management Conference."

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, for the above and foregoing reasons, Defendant Tom Parker prays that upon consideration of this objection and notice of non-joinder the Court deny the proposed order filed by Plaintiff concurrently with the purported "Joint Case Management Statement," and further order the document struck from the record as it is not in fact a Joint Case Management Statement. Alternatively, Defendant Tom Parker prays this Court order the document be re-titled to reflect its true nature as a Separate Case Management Statement and Proposed Order, and order Plaintiff to re-file the document **and order Plaintiff to re-file the document in accordance with Civil L.R. 16-3, 16-9(a), and this Court's Order of August 14, 2007 entitled "Order Vacating Case Management Conference."** Defendant Tom Parker also prays this Court grant such other and further relief to which Defendant Tom Parker may be justly entitled at law or in equity, including damages and attorneys' fees whether pled or unpled.

Respectfully Submitted,

**Dated: August 30, 2007**        DAVID K. SERGI & ASSOCIATES, P.C.

By:    /s/ David K. Sergi
       David K. Sergi

*Attorney for Defendant Tom Parker*