David K. Sergi, CA State Bar No. 135201
david@sergilaw.com
DAVID K. SERGI & ASSOCIATES, P.C.
329 South Guadalupe Street
San Marcos, Texas 78666
(512) 392-5010 Telephone
(512) 392-5042 Facsimile

*Attorney for Defendant Tom Parker*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| BUNKER B.W. ROGGE,<br><br>      Plaintiff,<br>v.<br><br>BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, and TOM PARKER,<br><br>      Defendants. | CASE NO. C 07-02920 JW<br><br>DEFENDANT TOM PARKER'S REPLY TO PLAINTIFF'S OBJECTION AND MOTION IN OPPOSITION TO PARKER'S MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE TO TRANSFER VENUE<br><br>DATE: October 15, 2007<br>TIME: 9:00 AM<br>DEPT.: Courtroom 8<br>JUDGE: Hon. James Ware<br><br>CASE FILED: June 5, 2007<br>TRIAL DATE: None Set |

      Defendant Tom Parker ("Parker") files this Reply to Plaintiff's Objection and Motion in Opposition to Parker's Motion to Dismiss for Improper Venue, or in the Alternative to Transfer Venue, in accordance with Civil L.R. 7-7(d) and Civil L.R. 7-3(c), on September 28, 2007. This Reply and Notice of Reply, served and filed herewith, are filed subject to Parker's motion to dismiss for lack of personal jurisdiction, served and filed previously.

Case No. C 07-02920 JW
Parker's Reply to Plaintiff's Objection and Opposition to Parker's Motion to Dismiss for
Improper Venue, or in the Alternative to Transfer Venue                         Page 1 of 10

In support of Parker's pending Motion to Dismiss for Improper Venue, or in the Alternative to Transfer Venue, and related documents, collectively docketed as documents number twelve (12) through thirteen (13) and thirty-four (34), Parker respectfully presents the following for this Court's consideration pending the scheduled hearing on the motion:

## RESPONSE TO OBJECTION

Throughout this section of this memorandum, "Defendant Tom Parker's Motion to Dismiss for Improper Venue, or in the Alternative to Transfer Venue," will be referenced as Parker's "Motion." Additionally, throughout this memorandum all references to Plaintiff Rogge's "Objection to Defendant Parker's Motion to Dismiss for Improper Venue, or in the Alternative to Transfer Venue, Pursuant to FED. R. CIV. P. 12(b)(3), 28 U.S.C. § 1404(a)," will be referenced as Plaintiff's "Objection." Furthermore, to assist the Court in its evaluation of this response to Plaintiff's objection, each paragraph of Parker's Response to Plaintiff's Objection will correspond to the numbered paragraphs in Plaintiff's Objection. (*See* Document 63).

1. Plaintiff is incorrect in the assertion that a motion to dismiss for improper venue cannot be combined with a motion to transfer venue under 28 U.S.C. § 1404(a). The federal rules of civil procedure implicitly allow a party by one motion to request specific relief (i.e dismissal for improper venue), while in the same motion requesting related alternative relief (i.e. transfer of venue). *See In re Chatman-Bey*, 718 F.2d 484, 487 (D.C. Cir. 1983). Such motion practice is permitted for numerous reasons, not the least of which is judicial efficiency and economy.

2. Plaintiff is correct that Rule 12(b)(3) govern's motions to dismiss for improper venue, but misinterprets and or misapplies the case law cited in support of the assertion that 28 U.S.C.

Case No. C 07-02920 JW
Parker's Reply to Plaintiff's Objection and Opposition to Parker's Motion to Dismiss for
Improper Venue, or in the Alternative to Transfer Venue                                     Page 2 of 10

1404(a) cannot be considered with Rule 12(b)(3). Parker's Motion seeks dismissal under 12(b)(3), but the Court, in the interests of justice may determine to transfer the suit to a district where it could have been brought. *See Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964 (9th Cir. 1993). In the alternative to the aforementioned a party may request transfer under § 1404(a) as discussed in paragraph 1, supra.

    3. Rule 12 defenses, other than those omitted under Rule 12(g) or 12(h), must be brought at the same time, so as not to cause undue delay. However, by filing all Parker's Rule 12 Motions not omitted under Rule 12(g) or 12(h) in separate documents *but at the same time*, the spirit of the rule was complied with. The manner in which Parker's Motions were filed was intended to aid the Court in understanding the relief requested in the Motions, and to aid the Plaintiff, especially acting without the assistance of legal counsel, in determining how to respond to each Rule 12 Motion filed by Parker. The later goal was clearly accomplished as Plaintiff filed responses to each of Parker's filed Rule 12 Motions.

    4. A party may file an amended memorandum without leave of court if the original memorandum was filed in error. In this case the memorandum filed originally, due to computer error, contained only one half of the document text. This is evident upon reading the title of the memorandum. The amended memorandum filed by Parker contains only the text not contained in the originally filed memorandum (which was actually referenced in the memorandum filed originally through the use of an *infra* citation). If Plaintiff would pay closer attention to the title of the documents filed by Parker he would realize that no amended Motion was ever filed and Parker's Motion was, is, and always has been a Motion to dismiss for improper venue under Rule

12(b)(3) and 28 U.S.C. § 1406(a), or in the alternative to transfer venue pursuant to 28 U.S.C. § 1404(a). *Compare* (Document 12 p.2, ¶ 3), *with* (Documents 13, 34).

     5. Plaintiff's paragraph five restates the argument advanced in Plaintiff's paragraph three. However, as Parker filed all his Rule 12(b) Motions, not exempted by Rule 12(g) or (h) on the same day, evidenced on the official docket of this case, the contemporaneous filing substantially complies with the requirements of Rule 12. Parker's filings are in line with the spirit of the rule.

     6. Plaintiff's paragraph six rehashes the argument raised in Plaintiff's paragraph four. Parker's amended memorandum did not avoid any consolidation requirements. Parker's Motion was never amended, only the memorandum of points and authorities in support of the Motion was amended, and only then to include text omitted due to computer error when the memorandum was originally filed.

     7. Plaintiff has failed to plead venue facts basing venue on the residence of "all defendants" and provides no authority for the assertion that a Rule 12(b)(3) Motion to dismiss for improper venue cannot be granted in this case. Furthermore, Plaintiff has failed to amend his complaint with a more definite statement as motioned by Parker in this case. Had Plaintiff chosen to amend his complaint he may have included facts basing venue on the residence of "all defendants."

     8. Parker has not filed an improper Motion as Parker's Motion complies with all local rules and the Federal Rules of Civil Procedure. Plaintiff's Objection is baseless and proper review of the rules in addition to the papers filed by Parker and docketed in this case would have revealed this to Plaintiff. Plaintiff's failure to understand the docket is not proper grounds for an objection.

Case No. C 07-02920 JW
Parker's Reply to Plaintiff's Objection and Opposition to Parker's Motion to Dismiss for
Improper Venue, or in the Alternative to Transfer Venue    Page 4 of 10

**REPLY TO MOTION IN OPPOSITION**

Throughout the remainder of this memorandum, "Defendant Tom Parker's Reply to Plaintiff's Objection and Motion in Opposition to Parker's Motion to Dismiss for Improper Venue, or in the Alternative to Transfer Venue," will be referenced as Parker's "Reply." Additionally, throughout this memorandum all references to "Plaintiff Rogge's Motion and Memorandum of Points and Authorities in Opposition to Defendant Parker's Motion to Dismiss for Improper Venue, or in the Alternative to Transfer Venue, Pursuant to FED. R. CIV. P. 12(b)(3), 28 U.S.C. § 1404(a), 28 U.S.C. 1406(a)," will be referenced as Plaintiff's "Opposition."

In Plaintiff's Opposition he claims he is not requesting this Court to hear a property dispute which took place in Texas. However, his Complaint is almost exclusively comprised of allegations regarding purported actions by the co-defendants in this case relative to property Plaintiff claims legal rights to. (*Cf.* Document 1 *and* 64 at 3, ¶ 3). This Court has even docketed this case as a diversity suit regarding property damage to personal and other property. If Plaintiff is not asserting a property suit he has failed to properly plead with the minimal specificity required by Federal Rule of Civil Procedure 8(a) requiring a short and plain statement of the relief sought. As Plaintiff by his Opposition asserts he is not maintaining a property suit, Parker is left with no alternative and expects to file additional motions to dismiss pursuant to Rules 8, 9, and 12(b)(6) after this Court has ruled on the currently pending motions to dismiss. Furthermore, as Plaintiff asserts in his Opposition that the listing of the value of the property in the complaint is not a representation of damages but to "inform the court of the magnitude of the actions taken against him," Parker also expects he will be filing a motion to dismiss pursuant to Rule 12(b)(1). (*See* Document 64 at 3, ¶ 4).

Case No. C 07-02920 JW
Parker's Reply to Plaintiff's Objection and Opposition to Parker's Motion to Dismiss for
Improper Venue, or in the Alternative to Transfer Venue                                    Page 5 of 10

Plaintiff argues in his Opposition that Parker violated his civil and constitutional rights cutting short the due process of law, but as Parker is not an agent of the government nor a governmental entity there can be no government action, *a fortiori*, it is legally impossible for Parker to violate Plaintiff's civil and or constitutional rights being a private individual. As such, Parker is left with little option and intends to file a motion to dismiss pursuant to Rule 12(b)(6) and motion to strike pursuant to Rule 12(f) suit upon this Court's ruling on the currently pending motions to dismiss, should further motions be necessary.

Plaintiff also argues in his Opposition that Parker committed numerous torts against Plaintiff in Texas. (*See id.* at 4, ¶ 6-7). Plaintiff then requests this Court review only those acts directed toward California with *intent to damage Plaintiff.* (*See id*) (emphasis added). Accordingly, Parker expects to file a motion to dismiss Plaintiff's case under Rules 7, 8, 9, 12(b)(1) and 12(b)(6). Also, as all claims arising out of the same transaction, occurrence, or series of transactions must be brought at the same time, Plaintiff has effectively waived all claims regarding the alleged torts committed by Parker in Texas. And, to that extent, Plaintiff is precluded from relying on alleged torts committed by Parker in Texas which have not been proven or properly plead in this case, and in the prosecution of this case by Plaintiff.

Under the Points and Authorities heading, Plaintiff claims this Court has found it holds personal jurisdiction over Parker, which permits venue. (*See id.* at ¶ 8). This is a misstatement of the law and the facts of the case as this Court has not ruled on Parker's Motion to Dismiss for Lack of Personal Jurisdiction, upon which a hearing is scheduled for October 15, 2007 at 9:00am before the Honorable James Ware. Plaintiff also cites 28 U.S.C. § 1391(a)(3) as support for the assertion that venue is proper in this Court "if there is no other district in which the action may

Case No. C 07-02920 JW
Parker's Reply to Plaintiff's Objection and Opposition to Parker's Motion to Dismiss for
Improper Venue, or in the Alternative to Transfer Venue                    Page 6 of 10

otherwise be brought.  (*See id*. at 5, ¶ 10).  However, in this case venue is proper in the Western District of Texas, San Antonio Division because of full diversity of citizenship, and Texas Civil Practices and Remedies Code Section 15.011 (statutory mandatory venue provision requiring disputes concerning real property in Texas to be brought in the County in which the real property is located, as the San Antonio Division of the District Court holds Bandera County within its jurisdiction, venue is proper in that District).  Plaintiff mistakenly asserts that there is no other district in the action may be brought because "the Western District of Texas hold no jurisdiction over Plaintiff." (*See id*. at 5, ¶ 11).  What he fails to appreciate, is that Plaintiff, by filing his lawsuit, submitted to the jurisdiction of the District Court, and questions of personal jurisdiction are only applicable to the defendants.  If Plaintiff does not wish to prosecute his case in the Western District of Texas, should this case be transferred there under 28 U.S.C. § 1406(a) or § 1404(a), which Parker contends is the proper district in this case, all Plaintiff need do to relieve himself from that Court's jurisdiction is withdraw his complaint.  In essence, simply because Plaintiff does not want to prosecute his case in Texas does not mean that the Western District of Texas is an improper venue.

In paragraph 12 of Plaintiff's Opposition, Plaintiff states "the court is only being asked by the Plaintiff to hear the actions of Defendants that were directed at California *with intent to damage Plaintiff in California*." (*See id*. at 5, ¶ 12).  Accordingly, this Court *must* dismiss Plaintiff's claims for negligent interference with a contract (cause of action four), negligent interference with prospective economic advantage (cause of action six), conversion (cause of action seven), and negligent infliction of emotional distress (cause of action ten) as none of these causes of action require intentional conduct on behalf of a defendant, and Plaintiff has explicitly

Case No. C 07-02920 JW
Parker's Reply to Plaintiff's Objection and Opposition to Parker's Motion to Dismiss for
Improper Venue, or in the Alternative to Transfer Venue                                                            Page 7 of 10

stated in Plaintiff's Opposition this Court is "only being asked by Plaintiff to hear the actions of Defendants that were directed to California *with intent to damage plaintiff*." (*See id.*). As neither negligence nor conversion contain an intentional *mens rhea* requirement, Plaintiff by filing his Opposition has removed those causes from this Court's consideration. (*See id.*) If this Court does not dismiss these causes of action *sua sponte* Parker expects to file a motion to dismiss under Rule 12(b)(1), 12(b)(6) and motion for judgment on the pleadings pursuant to Rule 12(c) upon learning of this Court's rulings on the already pending motions to dismiss.

Plaintiff misrepresents the law regarding the burden of proof as to venue in his Opposition. (*See id.* at 5-6, ¶ 14). Citing *Gulf Oil v. Gilbert*, 330 U.S. 501 (1947), Plaintiff asserts that the burden is on the defendant to make a convincing showing that an action would be better litigated in another district. (*See id.*). However, Plaintiff fails to inform this Court that *Gulf Oil* was superceded by statute as to eight of the ten points the case once stood for. *See generally Gulf Oil v. Gilbert*, 330 U.S. 501 (1947). Case law regarding the burden of proof as to venue as of this writing holds that it is the Plaintiff's duty to plead facts with specific particularity to establish venue, and upon challenge to venue by the defendant, the Plaintiff must recite facts sufficient to establish venue in the district in which the action was brought. Furthermore, Plaintiff either misrepresents or misunderstands the law of venue in paragraph 15 when interpreting 28 U.S.C. § 1391. (*See* Document 64 p.6, ¶ 15). Plaintiff asserts a substantial part of the events took place in California, while in ¶¶ 3, 4, 5, 6, 7, 12, and 13 Plaintiff alludes to events that took place in Texas. (*See id.*). Plaintiff argues there is no other district in which this case could be brought, but Parker has already resolved this issue to the contrary. (*See* this Reply, p. 6, lines

Case No. C 07-02920 JW
Parker's Reply to Plaintiff's Objection and Opposition to Parker's Motion to Dismiss for
Improper Venue, or in the Alternative to Transfer Venue                                         Page 8 of 10

1-13, *supra*). Plaintiff then asserts Parker is subject to personal jurisdiction, which likewise has been resolved contrary to Plaintiff's position. (*See* this Reply, p. 5, lines 21-25, *supra*).

On the final page of this Opposition, Plaintiff requests this Court "not transfer venue to any other jurisdiction because as set forth in the facts and statements provided by Plaintiff, this is a Personal Injury claim...." (*See* Document 64 p.7, ¶ 19).

So far in this Opposition Plaintiff has asserted his claim is a property claim but not in its entirety, that his claim is actually not a property claim but claim arising out of tort, and now at the conclusion of Plaintiff's Opposition he asserts this case amounts to a personal injury claim. (*See id*.). Should this Court not dispose of Plaintiff's case in its entirety subsequent to the scheduled hearings on the pending motions to dismiss, currently scheduled for October 15, 2007, for the above and foregoing reasons Parker fully intends to file the motions to dismiss Plaintiff's lawsuit, mentioned previously in this document as motions Parker expected to file. Filing of these motions will occur, if required, subsequent to this Court's ruling on the already pending motions to dismiss Plaintiff's case in an effort by Parker to decrease litigation costs as well as serve judicial efficiency. Parker expects the new motion to dismiss Plaintiff's case will emphasize to this Court all of the errors in Plaintiff's case pursuant to Federal Rules of Civil Procedure 8, 9, and 12  Plaintiff has not amended his complaint with a more definite statement as motioned by Parker previously, and now appears to be confusing the very legal issues and claims more and more with each filed Opposition. Based on the manner in which Plaintiff has prosecuted this case thus far, Parker will be left without option regarding whether to file additional motions to dismiss Plaintiff's case should they be necessary.

Case No. C 07-02920 JW
Parker's Reply to Plaintiff's Objection and Opposition to Parker's Motion to Dismiss for
Improper Venue, or in the Alternative to Transfer Venue                                                      Page 9 of 10

Despite all of the complications Parker currently faces as a result of Plaintiff's poor prosecution of this case, venue remains improper in the Northern District of California. This Court should dismiss Plaintiff's case pursuant to Rule 12(b)(3), or if this Court determines it necessary transfer in the interests of justice to the Western District of Texas, San Antonio, Division under 28 U.S.C. § 1406(a), or alternatively transfer this case for the convenience of the parties to a district in which it could have originally been brought, being the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1404(a).

Dated: September 28, 2007

                              Respectfully submitted,

                              DAVID K. SERGI & ASSOCIATES, P.C.

                        By :  /s/ David K. Sergi
                              David K. Sergi
                              *Attorney for Defendant Tom Parker*

Case No. C 07-02920 JW
Parker's Reply to Plaintiff's Objection and Opposition to Parker's Motion to Dismiss for Improper Venue, or in the Alternative to Transfer Venue    Page 10 of 10