David K. Sergi, CA State Bar No. 135201
david@sergilaw.com
DAVID K. SERGI & ASSOCIATES, P.C.
329 South Guadalupe Street
San Marcos, Texas 78666
(512) 392-5010 Telephone
(512) 392-5042 Facsimile

*Attorney for Defendant Tom Parker*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| BUNKER B.W. ROGGE | CASE NO. C 07-02920 JW |
| Plaintiff, | DEFENDANT TOM PARKER'S REPLY TO PLAINTIFF'S MOTION IN OPPOSITION TO PARKER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION |
| v. | |
| BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, and TOM PARKER, | DATE: October 15, 2007<br>TIME: 9:00 AM<br>DEPT.: Courtroom 8<br>JUDGE: Hon. James Ware<br>CASE FILED: June 5, 2007<br>TRIAL DATE: None Set |
| Defendants. | |

Defendant Tom Parker ("Parker") files this Reply to Plaintiff's Motion in Opposition to Parker's Motion to Dismiss for Lack of Personal Jurisdiction, in accordance with Civil L.R. 7-7(d) and Civil L.R. 7-3(c), on September 28, 2007. This Reply and Notice of Reply, served and filed herewith, are filed subject to Parker's motion to dismiss for lack of personal jurisdiction, served and filed previously.

In support of Parker's pending Motion to Dismiss for Lack of Personal Jurisdiction, and

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to Parker's Motion to
Dismiss for Lack of Personal Jurisdiction                                    Page 1 of 8

related documents, collectively docketed as documents number nine (9) through eleven (11),

Parker respectfully presents the following for this Court's consideration pending the scheduled

hearing on the motion:

Throughout this memorandum, "Defendant Tom Parker's Reply to Plaintiff's Motion in

Opposition to Parker's Motion to Dismiss for Lack of Personal Jurisdiction," will be referenced

as Parker's "Reply."  Additionally, throughout this memorandum all references to "Plaintiff

Rogge's Motion and Memorandum of Points and Authorities in Opposition to Defendant

Parker's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2)," will be referenced as Plaintiff's

"Opposition."

Plaintiff, in his Opposition, has failed to provide this Court any factual allegations

sufficient to permit the exercise of personal jurisdiction over Parker in this case.  In Plaintiff's

Opposition, he states, "Parker has not been honest [in his motion to dismiss for lack of personal

jurisdiction] ... or ... *does not know what contacts to this forum means by definition*."  (*Id*. at 5, ¶

13) (emphasis added).  By his own admission, Plaintiff "has no experience in practicing law or

arguing law;" however, his Opposition also indicates he has little experience using a dictionary

as he clearly fails to comprehend the meaning of contacts to a forum.  (*See id*. at 5, ¶ 14).

Plaintiff contends Parker purposely availed himself to the California forum–despite Plaintiff's

contrary assertions, this is simply not the case.

Plaintiff's argument that Parker "purposely availed himself through his intentional and

unintentional actions against Plaintiff ... in California," even if true, only amounts to an

oxymoron akin to jumbo-shrimp.  (*See* Document 67 at 6, ¶ 16).  The word *purposeful*, according

to Black's, is an adjective meaning "[d]one with a specific purpose in mind."  Black's Law

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to Parker's Motion to
Dismiss for Lack of Personal Jurisdiction                                                    Page 2 of 8

1

2

3    DICTIONARY 1250 (7th ed. 1999).  The word *availment*, according to BLACK'S, is a noun

4    meaning "[t]he act of making use or taking advantage of something for oneself." *Id*. at 131.  *By*

5    *definition*, it is impossible for Parker to have unintentionally purposely availed himself to the

     jurisdiction of a California.

6           This rationale has been supported by the U.S. Supreme Court in numerous decisions over

7    the last 60 years, indicating that the definition of purposeful availment requires a party to commit

8    some act, with a specific purpose in mind, in which the acting party makes use or takes

9    advantage of something for oneself; the Supreme Court has generally held the thing taken

10   advantage of must be the protection or benefit of the laws of the forum state.  *See Asahi Metal*

11
     *Indus. Co. v. Superior Ct.*, 480 U.S. 102, 109 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S.
12
     462, 475-76 (1985); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980);
13

14   *Henson v. Denckla*, 357 U.S. 235, 253 (1958);  *International Show Co. v. Washington*, 326 U.S.

15   310, 316 (1945).  Plaintiff's first argument fails, and this Court must dismiss Plaintiff's case as

16
     this Court lacks personal jurisdiction over Parker.
17

18          Plaintiff continues in his Opposition to argue this Court may exercise personal

19   jurisdiction over Parker, relying on *Quattrone v. Superior Court*, 44 Cal. App. 3d 296, 302

20
     (1975), setting forth as basis for this Court's jurisdiction the following: caused an effect in the
21
     forum by an act done elsewhere; by appearance in the action; by doing business in the forum; and
22

23   based on other relationships to the forum.  (*See* Document 67 at 7, ¶ 17).  However, the court in

24   *Quattrone* determined the "Defendant had done an act outside the State of California with the

25   intention of causing an effect within [the] state." *Quattrone*, 44 Cal. App. 3d at 304-05.  Plaintiff

26
     has failed to properly plead jurisdictional facts sufficient to establish that Parker has caused an
27

28

effect in California by acts committed in Texas, that Parker has done business in California, or that Parker has any other relationship to California. In this case Plaintiff has presented the Court no facts sufficient for a finding that Parker committed any acts intending to cause an effect within California, or for that matter acts intended to impact Plaintiff.

Plaintiff contends Parker has had many contacts with California, and specifically many contacts with an individual not a party to this lawsuit named Mr. Ken Howarth, whom Plaintiff claims is a resident of California. (Document 67 at 3, ¶ 2). Plaintiff contends that negotiations which may have taken place between Mr. Howarth and Parker provide this Court a basis to exercise jurisdiction over Parker in California. (*See id.* at 3-4, ¶¶ 2-6). However, as the negotiations alleged by Plaintiff relate to purchase transactions concerning real property located in Bandera County, Texas, Plaintiff can provide no support for the assertion that such negotiations were connected with nor directed toward California because they were directly connected and related to real property located in Bandera County, Texas. And, pursuant to the Section 15.011 of the Texas Civil Practices and Remedies Code, actions relating to real property or interests in real property for the recovery of damages must be brought in the county in which the real property is located. *See* Tex. Civ. Prac. & Rem. Code § 15.011 (2007). Accordingly, insomuch as Plaintiff is relying on Parker's alleged actions infringing upon Plaintiff's interests in real property, Texas statutory law mandates his suit be brought in Texas. *See id.* Plaintiff's second argument fails, and this Court must dismiss Plaintiff's case as this Court lacks personal jurisdiction over Parker.

Plaintiff next asserts this Court may exercise specific jurisdiction over Parker if Parker "has purposely availed himself of the forum benefits, when the controversy arises out of or is

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to Parker's Motion to
Dismiss for Lack of Personal Jurisdiction                                                                    Page 4 of 8

related to ... the defendant's forum contacts, and when the exercise of personal jurisdiction

comports with fair play and substantial justice." (Document 67 p.8, ¶ 18) (*citing Vons*

*Companies Inc. v. Seabest Foods*, 14 Cal. App. 4th 434, 446-47 (1996)). Plaintiff again

misrepresents the law. The Supreme Court has held, and Parker already presented in his Motion

to Dismiss for Lack of Personal Jurisdiction, that this Court cannot exercise specific jurisdiction

over a nonresident defendant unless the nonresident defendant's activities were purposefully

directed to the forum state and the litigation resulted from alleged injuries that arising out of or

related to those activities. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408,

414 (1984); *see also Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir.

2007) (" ... specific jurisdiction is tethered to a relationship between the forum and the claim")

(*citing Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 271 (9th Cir. 1995)).

    Furthermore, as to the *Vons* court's fair play and substantial justice requirements, the

Supreme Court held long before the *Vons* opinion that a court's assumption of jurisdiction over a

defendant must not offend traditional notions of fair lay and substantial justice or violate the

constitutional requirements of due process. *See International Shoe*, 326 U.S. at 316; *see also*

*Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376, 1380 (9th Cir. 1981) (recognizing the exercise of

personal jurisdiction must comply with traditional notions of fair play and substantial justice).

Plaintiff case cites are numerous but fail to actually support the propositions for which he

presents them–and case cites absent explanation or applied facts are not sufficient to provide this

Court *in personam* jurisdiction over Parker. Simply because Plaintiff repeats the same allegation

multiple times throughout his Opposition, does not make such allegations true. (*See* Document

67 p.7, ¶ 17; p.9 ¶ 19; p.10 ¶¶ 20, 21). Citing *Kulko v. California Superior Court*, 436 U.S. 84,

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to Parker's Motion to
Dismiss for Lack of Personal Jurisdiction                                           Page 5 of 8

1    96 (1978), Plaintiff claims this Court may exercise personal jurisdiction in actions based on

2    effects caused in California by acts occurring elsewhere to reach wrongful activity outside the

3    state causing injury within it.  (*See id.* at 10, ¶ 20).  However, any exercise of jurisdiction by this

4    forum will violate due process because (1) Parker has insufficient contacts with California, and

5    (2) maintenance of this suit in California will offend traditional notions of fair play and

6    substantial justice.  *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-92 (1980);

7    *see Kulko v. California Superior Court*, 436 U.S. 84, 91 (1978).

8

9            Plaintiff appears to allege Parker's purported interactions with Mr. Howarth, the Bandera

10   Falls Water Company, and The Falls Water Supply Corporation somehow damaged Plaintiff and

11   that Parker interfered with Mr. Howarth's and Plaintiff's relationship regarding the water system

12   located in Bandera County.  (*See* Document 67 at 3, ¶¶ 3-4).  Plaintiff further alleges Parker

13   interfered with a contract for the sale of real property in Bandera County, Texas, between

14   Plaintiff and Mr. Howarth.  (*See id.* at ¶ 5).  However, what Plaintiff fails to realizes is that such

15   conclusory allegations without factual support pleading jurisdictional facts fails to confer upon

16   this Court the power to exercise personal jurisdiction over Parker.  Plaintiff's third argument

17   fails, and this Court must dismiss Plaintiff's case as this Court lacks personal jurisdiction over

18   Parker.

19

20           Plaintiff continues making conclusory allegations regarding conspiracy between co-

21   defendants and Parker "directly intended to affect Plaintiff in California," but as per usual fails to

22   support these conclusions with applicable facts sufficient to confer jurisdiction over Parker to

23   this Court.  (*See id.* at 4, ¶¶ 7-8).  Plaintiff goes on to assert without direct substantiation that

24   Parker knew or should have known that "committing tortious acts against a California citizen

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to Parker's Motion to
Dismiss for Lack of Personal Jurisdiction                                                    Page 6 of 8

would have to be accounted for in California." (*Id.* at ¶ 9; p.12 ¶ 23). Plaintiff appears to rely upon *Pavlovich v. Superior Court*, 29 Cal. 4th 262, 278 (2002), as authority for the assertion that these alleged actions by Parker were done with reasonable foreseeability that there would be an effect in California to which Parker would be accountable. (*See id.*). Unfortunately for Plaintiff, the court in *Pavlovich* actually declined to apply an effects test, holding wrongful and fraudulent acts committed by a defendant must be aimed at California in order for a California Court to maintain jurisdiction over such a defendant. *See Pavlovich*, 29 Cal. 4th at 278. Plaintiff's fourth argument fails, and this Court must dismiss Plaintiff's case, lacking personal jurisdiction over Parker.

Finally, Plaintiff asserts that because he "is a pro se litigant and has limited legal resources available to him," and that "he did not leave California," that "Plaintiff should not have to leave his own forum, where the complaint was filed, to defend himself in another forum." (*See* Document 67 p.13, ¶ 24). Plaintiff also asserts that he "relies solely on the Law Library located in the Santa Cruz County Building," which maintains no information on Texas law, and moving "this trial would leave Plaintiff without the information necessary to defend Plaintiff from the aggressions" of Parker. (*See id.* at 5-6, ¶ 14). Plaintiff appears to be confusing this motion with a different motion, requesting dismissal or transfer of venue, for Parker's motion to which Plaintiff filed the Oppositions replied to in this document is one for dismissal of his entire case. Plaintiff's lack of legal experience is of no consequence, and Parker is unsympathetic to Plaintiffs plight. Prior to filing this lawsuit Plaintiff should have considered all the potential consequences of his actions and his failure to do so provides no legal grounds for this Court

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to Parker's Motion to
Dismiss for Lack of Personal Jurisdiction                                                                Page 7 of 8

asserting personal jurisdiction over Parker. Accordingly, Plaintiff's final argument fails, and this

Court must dismiss Plaintiff's case as this Court lacks personal jurisdiction over Parker.

Dated: September 28, 2007

Respectfully submitted,

DAVID K. SERGI & ASSOCIATES, P.C.

By : ___/s/ David K. Sergi_____

David K. Sergi

*Attorney for Defendant Tom Parker*

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to Parker's Motion to
Dismiss for Lack of Personal Jurisdiction                                    Page 8 of 8