1  RALPH J. SWANSON, CA STATE BAR NO. 67751
   SHANNON N. COGAN, CA STATE BAR NO. 214976
2  BERLINER COHEN
   TEN ALMADEN BOULEVARD
3  ELEVENTH FLOOR
   SAN JOSE, CALIFORNIA 95113-2233
4  TELEPHONE: (408) 286-5800
   FACSIMILE: (408) 998-5388
5  ralph.swanson@berliner.com
   shannon.cogan@berliner.com

ATTORNEYS FOR DEFENDANTS BANDERA FALLS
PROPERTY OWNER'S ASSOCIATION, JEAN M. KENNEDY,
CLAUDE LINDLEY, LORETTA LINDLEY, PAUL AHRENS,
SERGIO ORTEGA, AND ROB JACOBSON

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUNKER B.W. ROGGE,<br><br>         Plaintiff,<br><br>    v.<br><br>BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, and TOM PARKER,<br><br>         Defendants. | CASE NO. C 07-02920 JW (PVT)<br><br>DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE CAUSES OF ACTION BROUGHT TO CHILL THE VALID EXERCISE OF THE CONSTITUTIONAL RIGHTS OF PETITION AND FREEDOM OF SPEECH<br><br>[California Code of Civil Procedure § 425.16]<br><br>Date:   October 15, 2007<br>Time:   9:00<br>Dept.:  Courtroom 8<br>Judge:  Hon. James Ware<br><br>Case Filed: June 5, 2007<br>Trial Date: none set |

Defendants Bandera Falls Property Owner's Association, Claude Lindley, Paul Ahrens, Loretta Lindley, Rob Jacobson, Jean Kennedy, and Sergio Ortega (collectively, "Defendants") submit this reply brief in support of their request pursuant to California's anti-SLAPP statute that the Court strike the First, Second, Third, Fourth, Fifth, Sixth, Eighth, Ninth, and Tenth causes of action of the complaint filed by Plaintiff Bunker B.W. Rogge.

CASE NO. C 07-02920 JW (PVT)                                -1-

DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

\SCOGAN\739049.4
092807-16236001

I. ARGUMENT

California's anti-SLAPP statute contains a two-part test to determine whether an action is a SLAPP suit subject to a special motion to strike. Cal. Code Civ. Proc. § 425.16(b)(1). The first part tests whether the action is a SLAPP suit, and the second decides whether, if it is a SLAPP suit, it may nonetheless survive the motion to strike because the plaintiff has established a probability of prevailing on the complaint. Once the court determines that the action is a SLAPP suit, the plaintiff must provide the court with sufficient evidence to determine whether there is a probability that the plaintiff will prevail on his claims. *Zamos v. Stroud*, 32 Cal. 4th 958, 965 (2004). Defendants have demonstrated that Plaintiff's lawsuit is a SLAPP suit. Plaintiff has failed to demonstrate otherwise, and has not met his burden to provide the court with sufficient evidence that there is a probability he will prevail on his claims. Accordingly, the Court should grant Defendants' motion to strike.

A. Plaintiff Fails to Demonstrate that his Action is not a SLAPP Suit

Plaintiff's general argument in opposition to Defendants' motion to strike is that this action "is not a SLAPP suite [sic] but a private person trying to protect himself from an out of control home owner's association and the members thereof." Opposition, p. 5:1-3. Plaintiff asserts that he is a private individual, not involved in any matters of public concern, and has had little contact with Defendants. Opposition, pp. 2:8-10, 14-15; p. 5:7. He argues that his contacts with the members of the Bandera Falls Property Owners Association ("BFPOA") should not be considered a matter of public concern or interest. Opposition, p. 3:1-4. He maintains that he "has not injected himself into any public issue in Bandera Falls and has not attempted to influence a public issue." Opposition, p. 4:25-26.

These arguments and assertions miss the mark. The determination whether Plaintiff's lawsuit constitutes an anti-SLAPP suit does not focus on *Plaintiff* at all. Rather, the question is whether Plaintiff's lawsuit challenges a protected act *by Defendants* in furtherance of a person's constitutional right of petition or free speech in connection with a public issue. As demonstrated in Defendants' moving papers, such protected acts include "any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of

1  public interest." Cal. Code Civ. Proc. § 425.16(e). The complained-of March 1, 2007, newsletter ("Newsletter") qualifies as a writing made in a public forum in connection with an issue of public interest, and is entitled to protection under the anti-SLAPP statute. *See Damon v. Ocean Hills Journalism Club*, 85 Cal. App. 4th 468, 476-79 (2000).

Plaintiff attempts to distinguish *Damon* on the basis of "severe" differences, namely, that (1) Damon's position as manager of the homeowners association made him a public figure, whereas Plaintiff has no such relationship with the BFPOA; (2) the publication regarding Damon concerned his poor services rendered to the homeowners association, whereas Plaintiff is a private person who has never rendered services to the BFPOA; (3) Damon was active in the homeowners association and enjoyed the right to vote, whereas Plaintiff enjoys no such privilege; and (4) Damon injected himself into a public issue with the ability to influence the outcome, whereas Plaintiff has not injected himself into any issue and has no ability to influence the outcome. Opposition, p. 8:4-19.

Even if true (the case does not indicate that Damon was a homeowner and enjoyed association voting privileges), these alleged differences do not temper the overwhelming similarities between *Damon* and this action. Plaintiff clearly has an interest in Bandera Falls – he alleges that he owns property through unrecorded contracts, and that he has a financial incentive to sell that property. Complaint, ¶ 8, p.3:6-10. Given Plaintiff's financial interest in Bandera Falls, it is natural that Bandera Falls property owners have an interest in him, as well. Accordingly, the difference between Damon's position as association manager and Plaintiff's position as a subdivision property owner is unimportant to the SLAPP analysis.

Plaintiff argues that because he does not consider himself a public figure, the content of the Newsletter was not connected to an issue of public interest, so his lawsuit is not a SLAPP suit. This argument fails.

First, the clear focus of the complained-of Newsletter article is not Plaintiff himself, but rather the sudden prevalence of foreclosures upon, and abandonment of, properties containing manufactured homes in Bandera Falls. Declaration of Jean Kennedy ("Kennedy Decl."), ¶ 12, Exhibit A (March 1, 2007 Newsletter).

1  Second, whether Plaintiff is a public figure does not bear on whether the Newsletter addressed issues of public interest. In *Hall v. Time Warner, Inc.*, 153 Cal. App. 4th 1337 (2007), concerning a special motion to strike brought under the anti-SLAPP statute, the court determined that although a housekeeper named in an actor's will was a private person, and may not have voluntarily sought publicity or to comment publicly on the actor's will, she nevertheless became involved in an issue of public interest by virtue of being named in the will. *Hall v. Time Warner, Inc.*, 153 Cal. App. 4th 1337, 1347 (2007). Here, though Plaintiff may be a private person and asserts he has not voluntarily sought publicity, he nevertheless became involved in the issue of manufactured homes in Bandera Falls by virtue of owning and selling property intended to house manufactured homes.

Strangely, Plaintiff argues that Defendants "have made no effort to prove any part of their claim for protection under the SLAPP statute, and failed to produce any relevant evidence regarding issues of public interest related to Plaintiff […]." Opposition, p. 7:23-25. Plaintiff also argues that Defendants "have failed to show any facts regarding their claim and request for California's SLAPP protection." Opposition, p. 16:4-5. These arguments plainly ignore Plaintiff's moving papers, which demonstrate that the Newsletter qualifies for protection under the anti-SLAPP statute. Defendants' arguments are supported by Defendants' declarations, and are not opposed by any counter-declaration.

Plaintiff's lawsuit arises from acts in furtherance of Defendants' rights of petition or free speech in connection with a public issue, and it is a SLAPP suit from which Defendants are entitled to protection.

B.  Plaintiff Fails to Meet his Burden to Establish a Probability that he will Prevail on his First through Sixth, Eighth, Ninth, and Tenth Causes of Action

Because Defendants have shown that Plaintiff's claims arose from acts in furtherance of their rights of petition or free speech in connection with a public issue, the burden shifts to Plaintiff to establish a probability that he will prevail on his First through Sixth, Eighth, Ninth, and Tenth Causes of Action. *Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 29 Cal.4th 53, 63 (2002). Plaintiff has failed to do so.

CASE NO. C 07-02920 JW (PVT)        -4-
DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE

Plaintiff invokes a "totality of circumstances" test to determine whether a potentially defamatory statement of fact has been made, citing *Baker v. Los Angeles Herald Exam'r*, 42 Cal. 3d 254, 260-61 (1986), and concludes without explanation that defamatory statements have been made. Plaintiff's reliance on the test is misplaced – the *Baker* court applied the "totality of circumstances" test to determine whether the statement at issue was a statement of fact or a statement of opinion, not whether such statement implied a provably false assertion of fact and was ultimately defamatory. *Baker v. L.A. Herald Exam'r*, 42 Cal. 3d 254, 260 (1986). Regardless, reading the complained-of article in the Newsletter (attached to the Kennedy Decl. at Exhibit A) demonstrates that neither the article as a whole nor its constituent statements defame Plaintiff. *See* Defendants' opening brief, pp. 9:1 – 11:13, for a detailed listing of each Newsletter statement and justification therefore.

Plaintiff apparently attempts to overcome the fact that six of the seven Defendants had no part in the writing or publication of the Newsletter with his own declaration that by virtue of their connections to the BFPOA, those defendants "conspired" in the publication of the Newsletter. Declaration of Claude Lindley ("C. Lindley Decl.") ¶ 8, Declaration of Loretta Lindley ¶ 7, Declaration of Paul Ahrens ¶ 3, Declaration of Rob Jacobson ¶ 5, Declaration of Sergio Ortega ¶ 2. Plaintiff ignores and does not refute Defendants' evidence that Defendant Kennedy independently writes and publishes the newsletter, which is not affiliated with the BFPOA. Kennedy Decl. ¶ 12, C. Lindley Decl. ¶ 8. There is no possibility that Plaintiff's First through Sixth, Ninth, and Tenth Causes of Action, all of which are based on Plaintiff's complaints about the content of the Newsletter, can succeed against the BFPOA, Claude Lindley, Loretta Lindley, Paul Ahrens, Ron Jacobson, or Sergio Ortega. Similarly, as Plaintiff has not offered any admissible evidence to support a judgment that any of the statements in the Newsletter defamed him, Plaintiff cannot succeed against Jean Kennedy either.

II. CONCLUSION

The publication of the Newsletter is entitled to protection under California's anti-SLAPP statute as an act in furtherance of Defendants' free speech rights in connection with a public issue. Plaintiff offers no admissible evidence to demonstrate a probability of success on the

1  merits of his underlying defamation action.  Therefore, the Court should strike the First through
2  Sixth, Eighth, Ninth, and Tenth causes of action from the Complaint because Plaintiff's claims
3  operate to chill Defendants' participation in matters of public concern in violation of their
4  constitutional rights of petition and free speech, and are unmeritorious.

DATED:  SEPTEMBER 28, 2007                    BERLINER COHEN

                                              BY:  */s/*
                                                   RALPH J. SWANSON
                                                   SHANNON N. COGAN
                                                   ATTORNEYS FOR DEFENDANTS BANDERA FALLS
                                                   PROPERTY OWNER'S ASSOCIATION, JEAN M.
                                                   KENNEDY, CLAUDE LINDLEY, LORETTA
                                                   LINDLEY, PAUL AHRENS, SERGIO ORTEGA, AND
                                                   ROB JACOBSON

\SCOGAN\739049.4
092807-16236001

CASE NO.  C 07-02920 JW (PVT)                    -6-
DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF SPECIAL MOTION TO STRIKE