RALPH J. SWANSON, CA STATE BAR NO. 67751
SHANNON N. COGAN, CA STATE BAR NO. 214976
BERLINER COHEN
TEN ALMADEN BOULEVARD
ELEVENTH FLOOR
SAN JOSE, CALIFORNIA 95113-2233
TELEPHONE: (408) 286-5800
FACSIMILE: (408) 998-5388
ralph.swanson@berliner.com
shannon.cogan@berliner.com

ATTORNEYS FOR DEFENDANTS BANDERA FALLS
PROPERTY OWNER'S ASSOCIATION, JEAN M. KENNEDY,
CLAUDE LINDLEY, LORETTA LINDLEY, PAUL AHRENS,
SERGIO ORTEGA, AND ROB JACOBSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUNKER B.W. ROGGE,<br><br>       Plaintiff,<br><br>       v.<br><br>BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, and TOM PARKER,<br><br>       Defendants. | CASE NO.  C 07-02920 JW (PVT)<br><br>DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS SEVENTH AND EIGHTH CAUSES OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>Date:     October 15, 2007<br>Time:     9:00<br>Dept.:    Courtroom 8<br>Judge:    Hon. James Ware<br><br>Case Filed: June 5, 2007<br>Trial Date: none set |

Defendants Bandera Falls Property Owner's Association, Claude Lindley, Paul Ahrens, Loretta Lindley, Rob Jacobson, Jean Kennedy, and Sergio Ortega (collectively, "Defendants") submit this reply brief in support of their request pursuant to Federal Rule of Civil Procedure 12(b)(6) that the Court dismiss the Seventh and Eighth Causes of Action of the complaint filed by Plaintiff Bunker B.W. Rogge.

I. ARGUMENT

Plaintiff fails to demonstrate that the conclusory allegations of his Seventh and Eighth Causes of Action are sufficient to state a claim upon which relief may be granted, arguing that his complaint need not allege facts constituting his claims for relief, because the Federal Rules provide for notice pleading. Opposition, p. 6:16-17. Plaintiff is incorrect. The United States Supreme Court has explicitly rejected the suggestion that the Federal Rules "somehow dispensed with the pleading of facts altogether," writing:

> [W]hile for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," (citations omitted) Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007) (citation to Unites States Reports unavailable at present).

In the context of a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff (*Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980)) and the court generally assumes that factual allegations are true (*Brown v. Brown*, 368 F.2d 992, 993 (9th Cir. 1966)). However, the court does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981), *cert. denied* at 454 U.S. 1031 (1981).

Plaintiff's allegations supporting his Seventh Cause of Action for conversion are that Defendants "exercised dominion over, took and/or made unauthorized use" of Plaintiff's property, and that Defendants have "wrongfully taken control" of numerous enumerated items. These are legal conclusions cast in the form of factual allegations. Plaintiff's characterizations of actions by Defendants C. Lindley, Ahrens, and Ortega as legally "wrongful" or "unauthorized" are not supported by any facts whatsoever, and provide Defendants no notice regarding the nature of the claim, or the grounds on which the claim rests. What acts constitute taking control? What makes the alleged acts "wrongful?" Pleading this basic information is

important here, where Plaintiff apparently claims that Defendants converted an entire water utility, rather than, for example, something capable of being physically carried away.

With regard to the Eighth Cause of Action, denominated as a constitutional due process claim but also including conclusory allegations regarding conspiracy and housing discrimination, Plaintiff's allegations include that Defendant Schneider is a district attorney and also privately represents the Bandera Falls Property Owners Association ("BFPOA"), that she represented members of the BFPOA in the alleged conversion of Plaintiff's water utility, and that somehow she delivered possession of the water utility to those members through her office and powers of arrest. Even if true, these allegations are insufficient to support a constitutional claim against individual Defendants C. Lindley, Ahrens, and Ortega. As demonstrated in Defendants' moving papers, and not addressed by Plaintiff's Opposition, in order to survive a Rule 12(b)(6) motion to dismiss a cause of action against individuals based on an allegation of constitutional violations, Plaintiff is required to show that it would be fair to attribute the complained-of actions to the government, that is, to show "state action" was involved. *See Morse v. North Coast Opportunities*, 118 F.3d 1338, 1340 (9th Cir. 1997). Both the complaint and Plaintiff's Opposition brief are devoid of justification for attributing the complained-of actions to the government.

With regard to his conspiracy claim, Plaintiff alleges only that Defendants C. Lindley, Ahrens, and Ortega "conspired" to delay state and county licensing and permitting processes. This is yet another legal conclusion cast as a factual allegation, and is completely unsupported by any factual allegations regarding the formation or operation of the alleged conspiracy.

Concerning his claim for economic housing discrimination, Plaintiff has not alleged any facts supporting his standing to assert such a claim, or even identified anyone who has allegedly been discriminated against or denied housing. Plaintiff's entire claim consists of one paragraph concluding that Defendants have engaged in such discrimination, but without any supporting and necessary factual allegations.

Finally, Plaintiff argues that his complaint should be held to a lesser standard because he is a *pro se* litigant. Opposition, pp. 7:16 – 8:13. While the federal courts do have a duty to

construe *pro se* pleadings liberally (*Hamilton v. United States*, 67 F.3d 761, 764 (9th Cir. 1995), citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)), the courts are not required to rewrite such pleadings. Even under a very liberal construction of Plaintiff's complaint, his Seventh and Eighth Causes of Action contain impermissibly conclusory allegations and fail to state a claim upon which relief may be granted.

## II. CONCLUSION

While the federal courts do employ a liberal standard for notice pleading, there is a reason the Federal Rules of Civil Procedure provide a mechanism to challenge pleadings for failure to state a cause of action. Some complaints do not provide sufficient notice to defendants, and this is one of them. Plaintiff has failed to plead facts sufficient to support a legally cognizable theory against Defendants, and the Seventh and Eighth Causes of Action should be dismissed.

DATED: SEPTEMBER 28, 2007         BERLINER COHEN

BY:  /s/
     RALPH J. SWANSON
     SHANNON N. COGAN
     ATTORNEYS FOR DEFENDANTS BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, JEAN M. KENNEDY, CLAUDE LINDLEY, LORETTA LINDLEY, PAUL AHRENS, SERGIO ORTEGA, AND ROB JACOBSON