David K. Sergi, CA State Bar No. 135201
david@sergilaw.com
DAVID K. SERGI & ASSOCIATES, P.C.
329 South Guadalupe Street
San Marcos, Texas 78666
(512) 392-5010 Telephone
(512) 392-5042 Facsimile

*Attorney for Defendant Tom Parker*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| BUNKER B.W. ROGGE<br><br>Plaintiff,<br>v.<br><br>BANDERA FALLS PROPERTY OWNER'S ASSOCIATION, CLAUDE LINDLEY, PAUL AHRENS, LORETTA LINDLEY, ROB JACOBSON, DENNIS BAKER, JEAN KENNEDY, KERRY HELGREN-SCHNEIDER, SERGIO ORTEGA, and TOM PARKER,<br><br>Defendants. | CASE NO. C 07-02920 JW<br><br>DEFENDANT TOM PARKER'S REPLY TO PLAINTIFF'S MOTION IN OPPOSITION TO PARKER'S MOTION FOR A MORE DEFINITE STATEMENT<br><br>DATE: October 15, 2007<br>TIME: 9:00 AM<br>DEPT.: Courtroom 8<br>JUDGE: Hon. James Ware<br><br>CASE FILED: June 5, 2007<br>TRIAL DATE: None Set |

Defendant Tom Parker ("Parker") files this Reply to Plaintiff's Motion in Opposition to Parker's Motion for a More Definite Statement, in accordance with Civil L.R. 7-7(d) and Civil L.R. 7-3(c), on September 28, 2007. This Reply and Notice of Reply, served and filed herewith, are filed subject to Parker's motion to dismiss for lack of personal jurisdiction, served and filed previously.

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to
Parker's Motion for a More Definite Statement                                                                 Page 1 of 8

In support of Parker's pending Motion For a More Definite Statement, and related documents, collectively docketed as documents number nineteen (19) through twenty (20), Parker respectfully presents the following for this Court's consideration pending the scheduled hearing on the motion:

Throughout this memorandum, "Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to Parker's Motion for a More Definite Statement," will be referenced as Parker's "Reply." Additionally, throughout this memorandum all references to "Plaintiff Rogge's Motion and Memorandum of Points and Authorities in Opposition to Defendant Parker's Motion for a More Definite Statement FED. R. CIV. P. 12(e)," will be referenced as Plaintiff's "Opposition."

Plaintiff asserts that the complaint filed in this case is "clear and fully understandable and that ... Parker is not interested in understanding the complaint but in fact ... has made every attempt available through the court to avoid his involvement in this action.... Parker has clearly attempted to evade his liability in this action by Plaintiff." (Document 60 at 2, ¶ 2). The basis for this bold statement is unclear as no support for Plaintiff's assertion is cited. Why Plaintiff believes Parker "has made every attempt available through this court to avoid involvement in this action" is incomprehensible. (*See id.*). Parker has met all filing deadlines without once requesting an extension of time, has responded promptly to all orders of this Court, and has timely filed all documents with this Court. However, Parker will make the most of this opportunity to explain to Plaintiff, and represent to this Court, why he believes Plaintiff's complaint does not meet the requirements set forth by the Supreme Court in the Federal Rules of Civil Procedure Rule 8(a), 9(b), and 12(e), and requires Plaintiff to amend his complaint with a more definite statement.

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to
Parker's Motion for a More Definite Statement                                      Page 2 of 8

Parker has in no way attempted to evade his liability in this case–Parker believes he has no liability in this case as Plaintiff has set forth unintelligible conclusory allegations coming very near to what one could argue a frivolous lawsuit.  That aside, Parker has made every attempt to accommodate Plaintiff's decision to act on his own behalf, as a pro se litigant in this case.  Per case law, and the rules of civil procedure, pro se litigant or not, a motion for a more definite statement is proper when a complaint is so vague or ambiguous that the defendant cannot frame a responsive pleading. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996); *Sisk v. Texas Parks and Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981); *Oki Elec. Indus. Co., Ltd. v. Lg Semicon Co., Ltd.*, No. 97-20310 SW, 1998 U.S. Dist. LEXIS 22507, *5 (N.D. Cal. Feb. 25, 1998); FED. R. CIV. P. 8(a)(2); FED R. CIV. P. 9(b); FED. R. CIV. P. 12(e).

Plaintiff's paragraphs three through five are interpreted by Parker as an attempted argument that Parker is attempting to use Rule 12(e) as a substitute for discovery.  (*See* Document 60 at 3, ¶¶ 3-5).  Plaintiff asserts Parker will be made "well aware of his involvement" in this case as it "travels through the judicial process."  Unfortunately, that is not satisfactory. Rule 8(a) of the Federal Rules of Civil Procedure provides a pleading setting forth a claim for relief *shall* contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleaders seeks.  *See* FED. R. CIV. P. 8(a).  Plaintiff asserts his belief that Parker is "attempting to once again shortcut the due process of law regarding discovery."  (Document 60 at 3, ¶ 5).  Rule 12(e) requires a defendant, in moving for a more definite statement, to identify defects in the complaint that it wishes included in order to properly answer the lawsuit.  To accomplish this requirement Parker set out clear, numbered

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to
Parker's Motion for a More Definite Statement                                                                Page 3 of 8

paragraphs in his Motion for a More Definite Statement, which Plaintiff asserts requested "information which consisted of specific facts and factual support." (*See id.*) Plaintiff is the party making every attempt to evade clarifying the point that has been made by all defendants in this suit at one time or another, in one document or another–what is Plaintiff alleging?

Attempting to determine the answer this one question, rather than setting out for a second time all of the clarification Parker requested in the numbered paragraphs, here Parker will summarize what he believes is absolutely necessary information in order to present a proper answer to Plaintiff's complaint in this case:

i. One fact forming the basis for the assertion that all ten co-defendants named in this case maintained some sort of agency relationship during the time period Plaintiff alleges he sustained damages.

ii. One fact supporting Plaintiff's assignment of liability to more than the one of the ten co-defendants in this case as to the allegedly libelous mailer sent by one individual, containing the name of individual who sent it.

iii. One fact supporting the basis for Plaintiff's determination that a Respondeat Superior relationship existed between one or more of the ten co-defendants in this case and the Bandera Falls Property Owner's Association.

iv. One fact supporting Plaintiff's claim of entitlement to exemplary or punitive damages based on the causes of action claimed (e.g. a statute authorizing such damages).

v. Specification as to who of the ten co-defendants Plaintiff holds responsible for the allegedly libelous mailer and purported libelous acts.

vi. One fact supporting Plaintiff's claim that between at least one of the ten co-defendants and Plaintiff a special relationship existed giving rise to a duty of care.

7) Plaintiff alleges fraud, oppression, or malice in his complaint but fails to identify and specific facts regarding the claim or who of the ten co-defendants the claim is against. Particular allegations regarding fraud or

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to
Parker's Motion for a More Definite Statement                                                                 Page 4 of 8

mistake, as pleading fraud with necessary specificity requires Plaintiff to specify the alleged fraudulent statements, the identity of the speaker, the time and location the statement were made, and why such statements were fraudulent. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 513 (2002).

Contrary to Plaintiff's assertion that "Parker can answer [Plaintiff's] complaint as each of the allegations are clearly titled," the foregoing represents the first reason why Plaintiff's complaint cannot be answered as he insists. (Document 60 at 3, ¶ 6).

Plaintiff's explanation in paragraph seven of his Opposition sheds some light onto why his complaint was vague and ambiguous. As Plaintiff is not an attorney, and considering he used a form book to draft a complaint against 10 co-defendants, I assume there were areas a trained attorney would likely have known to provide additional information, but Plaintiff, acting on his own without any legal assistance, was lacking such knowledge. (*See id.* at 4, ¶ 7). For instance, I would have assumed Plaintiff did not know he was required to plead with specificity the allegations of fraud identified under number 7, supra; however, Plaintiff includes in his Opposition the exact citation regarding specified pleading as I have listed under number 7, supra. (*See id.* at 4, ¶ 7, lines 14-18). Given that Plaintiff apparently knew that specific pleading was required, there is no excuse as to why the rules were not followed–pro se or not. This represents the second reason why Plaintiff's complaint cannot be answered as he insists.

On page five of his Opposition Plaintiff goes into further detail regarding the standards to which pro se litigants are held. Plaintiff asserts the pleadings of "pro-se litigants are held to even less rigid standards that those drafted by attorneys." (*See id.* at 5, ¶ 7, lines 11-13) (*citing Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001)). Plaintiff continues, quoting *GJR Investment, Inc.*, "Corts [sic] do and should show leniency to

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to
Parker's Motion for a More Definite Statement                                                                 Page 5 of 8

pro se litigants not enjoyed by those with the benefit of a legal education." (*Id.* at 5, ¶ 7, lines 14-16) (*quoting GJR Investment, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). But, Plaintiff does acknowledge that "even pro se pleadings must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." (*Id.* at 6, ¶ 7, lines 1-3) (*quoting Brazil v. U.S. Dept. of Navy*, 66 F.3d 193, 199 (1995); *citing GJR Investment, Inc.*, 132 F.3d at 1369 (court cannot serve as de facto legal counsel or rewrite deficient pleadings on behalf of a pro se litigant to sustain an action)). Despite this admission, Plaintiff still insist his complaint can be answered as submitted.

Plaintiff's argument that the complaint filed in this case complied with Rules 8(a), 9(b), and 12(e), as well as his argument that pro se litigants should be granted leniency by the courts begins to degrade as soon as Plaintiff quotes *Boguslavsky* in support of his assertions; "Indeed, *courts may even look to submissions beyond the complaint to determine what claims are presented by an uncounseled party.*" (*Id.* at 5, ¶ 7, lines 17-19) (*quoting Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2nd Cir. 1998)) (emphasis added).

Plaintiff's quoting of a case addressing the issue of courts looking to materials submitted *beyond the complaint* in order to determine *what a plaintiff is actually claiming* complicates Plaintiff's position and arguments to some degree, especially considering the facts and circumstances of this case. As discussed in "Parkers Reply to Plaintiff's Objection and Motion in Opposition to Parker's Motion to Dismiss for Improper Venue, or in the Alternative to Transfer Venue," (Document 119), Plaintiff's claims are beginning to vary and change from what was originally contained in his complaint as more documents are filed in this case. (*Compare* Document 1, *with* 64 at 3, ¶ 3, *and* 119 at 5, lines 15-19). This case was originally docketed as a

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to
Parker's Motion for a More Definite Statement                                    Page 6 of 8

diversity suit relating to Plaintiff's alleged property rights in Texas, but half way through his Opposition Plaintiff asserts his claim is for torts committed in Texas which were directed toward California. (*See* Document 64 at 4, ¶ 6-7; Document 119 at 6, lines 9-12).

It appears Plaintiff may be well on his way down the slippery slope contemplated in *Henderson v. Sheahan*, which was also ironically included in Plaintiff's Opposition as a quote; the court held a "pro se complainant can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint." (*See* Document 60 at 6, ¶ 7, lines 5-7) (*quoting Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)). In Plaintiff's Opposition he states that this Court is *only* being asked to hear the actions of the *defendants* which were *directed toward California with intent to damage plaintiff there*. (*See* Document 60 at 5, ¶ 12; 119 at p.7, line 19 - p.8, line 8) (emphasis added). Asking this Court to consider *only* the actions *intended to cause damage to Plaintiff* in California effectively eliminates causes of action four, six, seven, and ten. Negligence and conversion claims have no intent requirement, so on must assume Plaintiff, by his own hand, has abandoned those causes of action. (*See id.*) This case began as a property claim, transformed into a claim arising out of tort, and in the conclusion of his Opposition, Document 64, Plaintiff asserted his claim was one for personal injuries. (*See id.* at 7, ¶ 19; 119 p.9, lines 7-25). These are the reasons Plaintiff's contention that his Complaint is sufficient as filed is unraveling.

This case is one in which Plaintiff has most definitely not been clear as to what damages he seeks nor consistent in what claims he asserts. Furthermore, Plaintiff has not been specific as to what co-defendants have allegedly done which acts. This Court should, at the very least, order Plaintiff to amend his complaint to address at a minimum the seven items outlined in this Reply.

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to
Parker's Motion for a More Definite Statement                                         Page 7 of 8

1. And, based on the above referenced case law and the facts of this case, this Court would be within its discretion to dismiss Plaintiff's case in its entirety for failure to state a claim upon which relief can be granted and or for lack of subject matter jurisdiction. If Plaintiff cannot decide what claims he is actually asserting in his case it seems only logical for this Court to dismiss Plaintiffs case, being unable to ascertain Plaintiffs claims to any level of certainty, and as such, unable to determine if this Court has subject matter jurisdiction over the ever changing controversy.

Dated: September 28, 2007

                                      Respectfully submitted,

                                      DAVID K. SERGI & ASSOCIATES, P.C.

                            By :    /s/  David K. Sergi
                                      David K. Sergi
                                      *Attorney for Defendant Tom Parker*

Case No. C 07-02920 JW
Defendant Tom Parker's Reply to Plaintiff's Motion in Opposition to
Parker's Motion for a More Definite Statement                                Page 8 of 8