1   David K. Sergi, CA State Bar No. 135201
    david@sergilaw.com
2   DAVID K. SERGI & ASSOCIATES, P.C.
    329 South Guadalupe Street
3   San Marcos, Texas 78666
    (512) 392-5010 Telephone
4   (512) 392-5042 Facsimile

5   *Attorney for Defendant Tom Parker*

6

7

8                 UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
9                        SAN JOSE DIVISION

10  BUNKER B.W. ROGGE                    CASE NO. C 07-02920 JW

11              Plaintiff,               DEFENDANT TOM PARKER'S
          v.                             ANSWER TO COMPLANT, SUBJECT
12                                       TO PARKER'S MOTION TO DISMISS
    BANDERA FALLS PROPERTY               FOR LACK OF PERSONAL
13  OWNER'S ASSOCIATION, CLAUDE          JURISDICTION
    LINDLEY, PAUL AHRENS, LORETTA
14  LINDLEY, ROB JACOBSON, DENNIS        DATE: October 15, 2007
    BAKER, JEAN KENNEDY, KERRY           TIME: 9:00 AM
15  HELGREN-SCHNEIDER, SERGIO            DEPT.: Courtroom 8
    ORTEGA, and TOM PARKER,              JUDGE: Hon. James Ware
16                                       CASE FILED: June 5, 2007
                Defendants.              TRIAL DATE: None Set
17

18          **DEFENDANT TOM PARKER'S ANSWER TO COMPLAINT, SUBJECT TO**
19      **PARKER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

20          For his Answer to the Complaint filed by Plaintiff Bunker B.W. Rogge, Defendant Tom

21  Parker ("Parker"), for himself and no other defendant, files this Answer to Plaintiff's Complaint,

22  subject to Parker's motion to dismiss for lack of personal jurisdiction, served and filed

23  previously, and for his answer alleges as follows:

24          1.  With respect to paragraph 1 of the Complaint, Parker is without information or belief

25  upon the subject sufficient to enable him to answer the specific allegations of this paragraph, and

26  on that basis denies each and every allegation contained therein.

27  ///

28

2. With respect to paragraph 2 of the Complaint, Parker admits the allegations therein.

3. With respect to paragraph 3 of the Complaint, Parker admits the allegations therein.

4. With respect to paragraph 4 of the Complaint, Parker expressly denies that Kerry Helgren-Schneider is the Bandera Falls Property Owner's Association's attorney. Parker is without information and belief upon the subject sufficient to enable him to answer the remaining allegations of this paragraph, and on that basis deny each and every remaining allegation contained therein.

5. With respect to paragraph 5 of the Complaint, Parker expressly denies each and every allegation contained therein.

6. With respect to paragraph 6 of the Complaint, Parker admits he is a resident of the State of Texas. Parker is without information or belief upon the subject sufficient to enable him to answer the remaining allegations of this paragraph, and on that basis denies each and every allegation contained therein.

7. With respect to paragraph 7 of the Complaint, Parker expressly denies each and every allegation contained therein.

FIRST CAUSE OF ACTION

[Libel Per Se]

8. With respect to paragraph 8 of the Complaint, Plaintiff has failed to allege Parker has committed any act giving rise to this cause of action against Plaintiff, and has not named Parker as a co-defendant under this cause of action. However, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations contained of this paragraph, and on that basis denies each and every allegation contained therein.

9. With respect to paragraph 9 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

PARKER'S ANSWER TO COMPLAINT,
SUBJECT TO PARKER'S MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION

PAGE 2 OF 15

CASE NO. C 07-02920 JW

1   10.  With respect to paragraph 10 of the Complaint, to the extent that Parker may be
2   required to answer this cause of action, Parker is without information or belief upon the subject
3   sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each
4   and every allegation contained therein.

5   11.  With respect to paragraph 11 of the Complaint, to the extent that Parker may be
6   required to answer this cause of action, Parker is without information or belief upon the subject
7   sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each
8   and every allegation contained therein.

9   12.  With respect to paragraph 12 of the Complaint, to the extent that Parker may be
10  required to answer this cause of action, Parker is without information or belief upon the subject
11  sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each
12  and every allegation contained therein.

13  13.  With respect to paragraph 13 of the Complaint, to the extent that Parker may be
14  required to answer this cause of action, Parker is without information or belief upon the subject
15  sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each
16  and every allegation contained therein.

17  14.  With respect to paragraph 14 of the Complaint, to the extent that Parker may be
18  required to answer this cause of action, Parker is without information or belief upon the subject
19  sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each
20  and every allegation contained therein.

21  15.  With respect to paragraph 15 of the Complaint, to the extent that Parker may be
22  required to answer this cause of action, Parker is without information or belief upon the subject
23  sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each
24  and every allegation contained therein.

25  16.  With respect to paragraph 16 of the Complaint, to the extent that Parker may be
26  required to answer this cause of action, Parker is without information or belief upon the subject
27  sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each
28

PARKER'S ANSWER TO COMPLAINT,
SUBJECT TO PARKER'S MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION

CASE NO. C 07-02920 JW

and every allegation contained therein.

17.  With respect to paragraph 17 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

18.  With respect to paragraph 18 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

19.  With respect to paragraph 19 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

20.  With respect to paragraph 20 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

SECOND CAUSE OF ACTION

[Trade Libel]

21.  With respect to paragraph 21 of the Complaint, Parker incorporates by reference herein each and every answer to paragraphs 1 through 20, inclusive.

22.  With respect to paragraph 22 of the Complaint, Plaintiff has failed to allege Parker has committed any act giving rise to this cause of action against Plaintiff, and has not named Parker as a co-defendant under this cause of action.  However, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

PARKER'S ANSWER TO COMPLAINT,
SUBJECT TO PARKER'S MOTION TO
DISMISS FOR LACK OF PERSONAL
JURISDICTION

PAGE 4 OF 15

CASE NO. C 07-02920 JW

23.   With respect to paragraph 23 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

24.   With respect to paragraph 24 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

25.   With respect to paragraph 25 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

26.   With respect to paragraph 26 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

27.   With respect to paragraph 27 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation of this paragraph.

28.   With respect to paragraph 28 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

29.   With respect to paragraph 29 of the Complaint, to the extent that Parker may be required to answer this cause of action, Parker is without information or belief upon the subject

1  sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each

2  and every allegation contained therein.

3      30.  With respect to paragraph 30 of the Complaint, to the extent that Parker may be

4  required to answer this cause of action, Parker is without information or belief upon the subject

5  sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each

6  and every allegation contained therein.

7      31.  With respect to paragraph 31 of the Complaint, to the extent that Parker may be

8  required to answer this cause of action, Parker is without information or belief upon the subject

9  sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each

10  and every allegation contained therein.

11      32.  With respect to paragraph 32 of the Complaint, to the extent that Parker may be

12  required to answer this cause of action, Parker is without information or belief upon the subject

13  sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each

14  and every allegation contained therein.

15      33.  With respect to paragraph 33 of the Complaint, to the extent that Parker may be

16  required to answer this cause of action, Parker is without information or belief upon the subject

17  sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each

18  and every allegation contained therein.

19  THIRD CAUSE OF ACTION

20  [Intentional Interference with a Contract]

21      34.  With respect to paragraph 34 of the Complaint, Parker incorporates by reference

22  herein each and every answer to paragraphs 1 through 33, inclusive.

23      35.  With respect to paragraph 35 of the Complaint, Parker expressly denies each and

24  every allegation contained therein.

25      36.  With respect to paragraph 36 of the Complaint, Parker expressly denies each and

26  every allegation contained therein.

27

28

1    37.  With respect to paragraph 37 of the Complaint, Parker expressly denies each and
2    every allegation contained therein.

3    38.  With respect to paragraph 38 of the Complaint, Parker expressly denies each and
4    every allegation contained therein.

5    39.  With respect to paragraph 39 of the Complaint, Parker expressly denies each and
6    every allegation contained therein.

7    FOURTH CAUSE OF ACTION

8    [Negligent Interference with a Contract]

9    40.  With respect to paragraph 40 of the Complaint, Parker incorporates by reference
10   herein each and every answer to paragraphs 1 through 39, inclusive.

11   41.  With respect to paragraph 41 of the Complaint, Parker expressly denies each and
12   every allegation contained therein.

13   42.  With respect to paragraph 42 of the Complaint, Parker expressly denies each and
14   every allegation contained therein.

15   43.  With respect to paragraph 43 of the Complaint, Parker expressly denies each and
16   every allegation contained therein.

17   44.  With respect to paragraph 44 of the Complaint, Parker expressly denies each and
18   every allegation contained therein.

19   45.  With respect to paragraph 45 of the Complaint, Parker expressly denies each and
20   every allegation contained therein.

21   FIFTH CAUSE OF ACTION

22   [Intentional Interference with Prospective Economic Advantage]

23   46.  With respect to paragraph 46 of the Complaint, Parker incorporates by reference
24   herein each and every answer to paragraphs 1 through 45, inclusive.

25   47.  With respect to paragraph 47 of the Complaint, Parker expressly denies each and
26   every allegation contained therein.

27

28

48.  With respect to paragraph 48 of the Complaint, Parker expressly denies each and every allegation contained therein.

49.  With respect to paragraph 49 of the Complaint, Parker expressly denies each and every allegation contained therein.

50.  With respect to paragraph 50 of the Complaint, Parker expressly denies each and every allegation contained therein.

SIXTH CAUSE OF ACTION

[Negligent Interference with Prospective Economic Advantage]

51.  With respect to paragraph 51 of the Complaint, Parker incorporates by reference herein each and every answer to paragraphs 1 through 50, inclusive.

52.  With respect to paragraph 52 of the Complaint, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

53.  With respect to paragraph 53 of the Complaint, Parker expressly denies each and every allegation contained therein.

54.  With respect to paragraph 54 of the Complaint, Parker expressly denies each and every allegation contained therein.

55.  With respect to paragraph 55 of the Complaint, Parker expressly denies each and every allegation contained therein.

SEVENTH CAUSE OF ACTION

[Conversion]

56.  With respect to paragraph 56 of the Complaint, Parker incorporates by reference herein each and every answer to paragraphs 1 through 55, inclusive.

57.  With respect to paragraph 57 of the Complaint, Parker is without information or belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

58. With respect to paragraph 58 of the Complaint, Parker expressly denies each and every allegation contained therein.

59. With respect to paragraph 59 of the Complaint, Parker expressly denies each and every allegation contained therein.

60. With respect to paragraph 60 of the Complaint, Parker expressly denies each and every allegation contained therein.

61. With respect to paragraph 61 of the Complaint, Parker expressly denies each and every allegation contained therein.

62. With respect to paragraph 62 of the Complaint, Parker expressly denies each and every allegation contained therein.

## EIGHTH CAUSE OF ACTION

[Constitutional Violation of the Fourteenth Amendment as to Dues Process of Law]

63. With respect to paragraph 63 of the Complaint, Parker expressly denies that Kerry Helgren-Schneider privately represents the Bandera Falls Property Owner's Association. Except as expressly admitted herein, Parker denies each and every allegation contained therein.

64. With respect to paragraph 64 of the Complaint, Parker is without information and belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

65. With respect to paragraph 65 of the Complaint, Parker is without information and belief upon the subject sufficient to enable him to answer the allegations of this paragraph, and on that basis denies each and every allegation contained therein.

66. With respect to paragraph 66 of the Complaint, Parker expressly denies each and every allegation contained therein.

67. With respect to paragraph 67 of the Complaint, Parker expressly denies each and every allegation contained therein.

68. With respect to paragraph 68 of the Complaint, Parker expressly denies each and every allegation contained therein.

69.  With respect to paragraph 69 of the Complaint, Parker expressly denies each and every allegation contained therein.

## NINTH CAUSE OF ACTION

[Intentional Infliction of Emotional Distress]

70.  With respect to paragraph 70 of the Complaint, Parker incorporates by reference herein each and every answer to paragraphs 1 through 69, inclusive..

71.  With respect to paragraph 71 of the Complaint, Parker expressly denies each and every allegation contained therein.

72.  With respect to paragraph 72 of the Complaint, Parker expressly denies each and every allegation contained therein.

73.  With respect to paragraph 73 of the Complaint, Parker expressly denies each and every allegation contained therein.

74.  With respect to paragraph 74 of the Complaint, this paragraph contains no allegations requiring a response.  Parker denies Plaintiff is entitled to any damages whatsoever.

75.  With respect to paragraph 75 of the Complaint, this paragraph contains no allegations requiring a response.  Parker denies Plaintiff is entitled to any damages whatsoever.

76.  With respect to paragraph 76 of the Complaint, this paragraph contains no allegations requiring a response.  Parker denies Plaintiff is entitled to costs of suit or any other relief whatsoever.

## TENTH CAUSE OF ACTION

[Negligent Infliction of Emotional Distress]

77.  With respect to paragraph 77 of the Complaint, Parker incorporates by reference herein each and every answer to paragraphs 1 through 76, inclusive.

78.  With respect to paragraph 78 of the Complaint, Parker expressly denies each and every allegation contained therein.

79.  With respect to paragraph 79 of the Complaint, Parker expressly denies each and every allegation contained therein.

80.  With respect to paragraph 80 of the Complaint, this paragraph contains no allegations requiring a response.  Parker denies Plaintiff is entitled to any damages whatsoever.

81.  With respect to paragraph 81 of the Complaint, this paragraph contains no allegations requiring a response.  Parker denies Plaintiff is entitled to costs of suit or any other relief whatsoever.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

[Personal Jurisdiction]

1.  As and for a first, separate and affirmative defense to the Complaint, and to each and every cause of action contained therein, Parker alleges this Court lacks personal jurisdiction over Defendant Tom Parker.

### SECOND AFFIRMATIVE DEFENSE

[Subject-Matter Jurisdiction]

2.  As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Parker alleges this Court lacks subject-matter jurisdiction to hear the type of case or controversy between the parties, or Plaintiff lacks standing to bring this suit, or both.

### THIRD AFFIRMATIVE DEFENSE

[Venue]

3.  As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Parker alleges that the United States District Court for the Northern District of California is not the proper venue for Plaintiff's action.

### FOURTH AFFIRMATIVE DEFENSE

[Failure to State a Cause of Action]

4.  As and for a further affirmative defense to the Complaint, and to each and every cause of action contained therein, Parker alleges Plaintiff's Complaint, and each of the purported

1    causes of action contained therein, fails to state facts sufficient to constitute a cause or causes of

2    action against Defendant Tom Parker.

3                              FIFTH AFFIRMATIVE DEFENSE

4                              [Failure to Join Necessary Parties]

5           5.  As and for a further affirmative defense to the Complaint, and to each and every cause

6    of action contained therein, Parker alleges Plaintiff has failed to join all necessary parties as

7    required by Federal Rule of Civil Procedure 19, California Code of Civil Procedure § 389, and

8    Texas Rule of Civil Procedure 39.

9                              SIXTH AFFIRMATIVE DEFENSE

10                             [Statute of Limitations]

11          6.  As and for a further affirmative defense to the Complaint, and to each and every cause

12   of action contained therein, Parker alleges the Complaint is barred by the statute of limitations set

13   forth in California Code of Civil Procedure § 335 et seq. and Texas Civil Practices and Remedies

14   Code § 16.001 et seq.

15                             SEVENTH AFFIRMATIVE DEFENSE

16                             [Comparative Fault or Negligence]

17          7.  As and for a further affirmative defense to the Complaint, and to each and every cause

18   of action contained therein, Parker alleges that the injuries sustained by Plaintiff, if any, were

19   either wholly or in part negligently caused by Plaintiff himself or by persons, firms, corporations,

20   or entities other than Parker, and said fault or negligence is either imputed to Plaintiff by reason

21   of the relationship of said persons, firms, corporations, or entities other than Parker to Plaintiff

22   and or said fault or negligence comparatively reduces the percentage of negligence, if any, by

23   Parker.

24                             EIGHTH AFFIRMATIVE DEFENSE

25                             [Negligence/Liability of Other Parties]

26          8.  As and for a further affirmative defense to the Complaint, and to each and every cause

27   of action contained therein, Parker alleges that the charges alleged in the Complaint, if any, were

28

1  caused by the negligence and liability of other persons, firms, corporations, or entities other than
2  Parker.

3  NINTH AFFIRMATIVE DEFENSE
4  [Superseding Independent Intervening Proximate Cause]
5  9.  As and for a further affirmative defense to the Complaint, and to each and every cause
6  of action contained therein, Parker alleges that no act or omission on his part was a substantial
7  factor in bringing about the alleged damages to Plaintiff, nor was any act or omission on the part
8  of Parker a contributing cause of the alleged damages suffered by Plaintiff, and any alleged acts
9  or omissions of Parker were superseded by the alleged acts or omissions of other persons, firms,
10  corporations, or entities, including Plaintiff, which were the independent, intervening, and
11  proximate cause of injuries or damages sustained by Plaintiff, if any.

12  TENTH AFFIRMATIVE DEFENSE
13  [Conduct of Others]
14  10.  As and for a further affirmative defense to the Complaint, and to each and every
15  cause of action contained therein, Parker alleges if Plaintiff sustained damages, which Parker
16  expressly denies, those damages were caused by persons, firms, corporations, or entities other
17  than Parker, and for which Parker is not responsible.

18  ELEVENTH AFFIRMATIVE DEFENSE
19  [Willful Misconduct]
20  11.  As and for a further affirmative defense to the Complaint, and to each and every
21  cause of action contained therein, Parker alleges the alleged injuries or damages suffered by
22  Plaintiff, if any, were the sole and proximate result of the willful misconduct of persons, firms,
23  corporations, or entities other than Parker.

24  TWELFTH AFFIRMATIVE DEFENSE
25  [Failure to Mitigate]
26  12.  As and for a further affirmative defense to the Complaint, and to each and every
27  cause of action contained therein, Parker alleges Plaintiff failed to mitigate the alleged damages,
28

1    if any, which he claims to have sustained and recovery should be barred or diminished

2    accordingly.

3                     THIRTEENTH AFFIRMATIVE DEFENSE

4                            [Unclean Hands]

5        13.  As and for a further affirmative defense to the Complaint, and to each and every

6    cause of action contained therein, Parker alleges Plaintiff is barred from seeking equitable relief

7    by the doctrine of unclean hands by virtue of Plaintiff's own conduct.

8                     FOURTEENTH AFFIRMATIVE DEFENSE

9                             [Waiver]

10        14.  As and for a further affirmative defense to the Complaint, and to each and every

11    cause of action contained therein, Parker alleges if Plaintiff sustained damages, which Parker

12    expressly denies, Plaintiff is barred by the doctrine of waiver from recovering those damages, if

13    any, from Parker.

14                      FIFTEENTH AFFIRMATIVE DEFENSE

15                           [Estoppel]

16        15.  As and for a further affirmative defense to the Complaint, and to each and every

17    cause of action contained therein, Parker alleges if Plaintiff sustained damages, which Parker

18    expressly denies, Plaintiff is barred by the doctrine of estoppel from recovering those damages, if

19    any, from Parker.

20                       SIXTEENTH AFFIRMATIVE DEFENSE

21                           [Laches]

22        16.  As and for a further affirmative defense to the Complaint, and to each and every

23    cause of action contained therein, Parker alleges if Plaintiff sustained damages, which Parker

24    expressly denies, Plaintiff is barred by the doctrine of laches from recovering those damages, if

25    any, from Parker.

26                    SEVENTEENTH AFFIRMATIVE DEFENSE

27                           [Unclean Hands]

28

1       17.  As and for a further affirmative defense to the Complaint, and to each and every

2   cause of action contained therein, Parker alleges Plaintiff is barred from seeking equitable relief

3   by the doctrine of unclean hands by virtue of Plaintiff's own conduct.

4   EIGHTEENTH AFFIRMATIVE DEFENSE

5   [Equitable Indemnity/Comparative Contribution]

6       18.  As and for a further affirmative defense to the Complaint, and to each and every

7   cause of action contained therein, Parker alleges that in the event Parker is held liable he is

8   entitled to a percentage contribution of the total liability from persons, firms, corporations, or

9   entities other than Parker, in accordance with the principles of equitable indemnity and

10  comparative contribution.

11  **PRAYER**

12      WHEREFORE, Defendant Tom Parker, prays for judgment as follows:

13      1.  That Plaintiff take nothing by reason of his Complaint;

14      2.  That Parker be awarded reasonable attorneys' fees in an amount according to proof;

15      3.  That Parker be awarded costs of suit incurred herein; and,

16      4.  For such other and further relief as this Court may deem Parker justly and

17  properly entitled, at law or in equity, general or special, whether plead or unplead.

18      Respectfully Submitted,

19      DAVID K. SERGI & ASSOCIATES, P.C.

20

21      By : _ /s/  David K. Sergi _____

22  Dated: October 11, 2007    David K. Sergi

23      *Attorney for Defendant Tom Parker*

24

25

26

27

28  PARKER'S ANSWER TO COMPLAINT,
SUBJECT TO PARKER'S MOTION TO
DISMISS FOR LACK OF PERSONAL        PAGE 15 OF 15
JURISDICTION                                                    CASE NO. C 07-02920 JW