**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Bunker B.W. Rogge,<br><br>          Plaintiff,<br>   v.<br><br>Bandera Falls Property Owners<br>Association, et al.,<br><br>          Defendants.<br>_____/ | NO. C 07-02920 JW<br><br>**ORDER GRANTING MOTION TO TRANSFER; DENYING ALL OTHER AS MOOT OR WITHOUT PREJUDICE** |

## I. INTRODUCTION

Bunker B. W. Rogge ("Plaintiff"), in *pro per*, brings this diversity action against Bandera Falls Property Owner's Association and various Individual Defendants[1] (collectively, "Defendants") alleging, *inter alia*, common law libel and conversion.  Presently before the Court are Defendant Parker's Motion to Transfer Venue and various motions by other Defendants to dismiss for lack of personal jurisdiction or to quash for lack of service.  The Court conducted a hearing on October 15, 2007.  Counsel for the Defendants appeared on their behalf.  Plaintiff failed to make an appearance.

Based the papers submitted to date and oral arguments at the hearing, the Court GRANTS Defendant Parker's Motion to Transfer Venue, and DENIES all other pending motions as moot or without prejudice to being renewed in the Western District of Texas.

---

[1] The Individual Defendants are: Claude Lindley, Paul Ahrens, Loretta Lindley, Rob Jacobson, Dennis Baker, Jean Kennedy, Kerry Helgren-Schneider, Sergio Ortega, and Tom Parker.

## II.  BACKGROUND

In a Complaint filed on June 5, 2007, Plaintiff alleges as follows:

Plaintiff is a resident of California and is domiciled in Santa Cruz.  (Complaint ¶ 1, Docket Item No. 1.)  Defendant Bandera Falls Property Owner's Association ("BFPOA") is a corporation incorporated under the laws of Texas having its principle place of business in Texas.  (Id. ¶ 2.)  Defendants Claude Lindley, Paul Ahrens, Loretta Lindley, Rob Jacobson, Dennis Baker, Jean Kennedy, Sergio Ortega, and Tom Parker are all individuals that reside in Bandera County, Texas.  (Id. ¶ 3.)  Defendant Kerry Helgren-Schneider is BFPOA's attorney and the Bandera County Attorney, and she resides in Bandera County, Texas.  (Id. ¶ 4.)

Plaintiff owns property in the Bandera Falls subdivision in Bandera County, Texas.  (Id. ¶ 8.)  Plaintiff has purchased other property in Bandera Falls through Oakstar Development, Inc.  Ken Howarth, a resident of San Mateo, California, was an investor in one such transaction.  (Id. ¶ 9.)  Plaintiff also had other contractual land purchase relationships with Mr. Howarth.  (Id. ¶ 10.)

Defendants published and sent a mailer to Mr. Howarth that contained negative statements about Plaintiff.  (Id. ¶ 11.)  Mr. Howarth later withdrew from at least one purchase offer made to Plaintiff.  (Id. ¶ 12.)

Defendants took control of a water utility located in Bandera County, Texas, which Plaintiff partly owned. The utility's property had a value of $178,829.00 and included:  six water wells; four removable 3,000 gallon water storage tanks; ten removable pressurized storage tanks; six removable well pumps; six removable booster pumps; six removable chlorine injection pump systems; two stationary miles of water main piping; and twenty removable water meters.  Defendants also deprived Plaintiff of monthly fees he would have received associated with the water utility.  (Id. ¶¶ 56-58.)

Defendants delayed Plaintiff's receipt of licenses and permits necessary for the operation of his water utility. (Id. ¶¶ 66-67.) Defendants also changed the conditions, covenants, and restrictions placed on Bandera Falls properties so that Plaintiff can no longer sell manufactured homes. (Id. ¶ 68.)

Plaintiff suffered emotional distress from these incidents. (Id. ¶¶ 70-81.)

On the basis of the allegations outlined above, Plaintiff alleges ten causes of action against Defendants: (1) Libel Per Se and (2) Trade Libel against Defendants BFPOA, Claude Lindly, Pal Ahrens, Loretta Lindley, Rob Jacobson, Dennis Baker, and Jean Kennedy; (3) Intentional Interference with a Contract, (4) Negligent Interference with a Contract, (5) Intentional Interference with Prospective Economic Advantage, and (6) Negligent Interference with Prospective Economic Advantage against all Defendants; (7) Conversion and (8) Constitutional Violation of the Fourteenth Amendment as to Due Process of Law against Kerry Helgren-Schneider, Claude Lindley, Tom Parker, Sergio Ortega, and Paul Ahrens; and (9) Intentional Infliction of Emotional Distress and (10) Negligent Infliction of Emotional Distress against all Defendants.

Presently before the Court are the following motions:[2]

(1) Defendant Tom Parker's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue, (hereafter, "Parker's Motion," Docket Item Nos. 12, 100);

(2) Defendants' Special Motion to Strike Causes of Action Brought to Chill the Valid Exercise of the Constitutional Rights of Freedom of Speech, (hereafter, "Freedom of Speech Motion," Docket Item Nos. 52, 37);

(3) Defendants' Motion to Dismiss Seventh and Eighth Causes of Action for Failure to State a Claim, (hereafter, "Failure to State a Claim Motion," Docket Item Nos. 39, 51);

(4) Defendant Tom Parker's Motion to Dismiss for Defective Process, (hereafter, "Defective Process Motion," Docket Item No. 14);

---

[2] Plaintiff also requests, *ex parte*, to supplement testimony given at the hearing or, in the alternative, to vacate the testimony given at the hearing. (See Docket Item No. 145.) First, the Court did not take any "testimony" at the hearing. The Court invited the parties in attendance to address the pending motions in light of the Court's intention to transfer the case to Texas. Second, since Plaintiff failed to appear at the hearing, the Court declines to consider his supplemental "testimony."

3

(5) Defendant Kerry Helgren-Schneider's Re-Noticed Motion to Dismiss for Lack of Personal Jurisdiction, (hereafter, "Lack of Jurisdiction Motion 1," Docket Item Nos. 6, 76); and

(6) Defendant Dennis Baker's Motion to Dismiss for Lack of Personal Jurisdiction, (hereafter, "Lack of Jurisdiction Motion 2," Docket Item No. 107).

Since Defendant Parker's Motion to Transfer Venue would obviate the motions challenging personal jurisdiction in California, the Court will give primary consideration to Parker's motion.

## III.  STANDARDS

Title 28 U.S.C. § 1404(a) provides that a district court may transfer any civil action to any other district where it might have been brought for the "convenience of the parties and witnesses, in the interests of justice." Determining whether an action should be transferred pursuant to § 1404(a) is a two-step process in which the burden of proof is on the defendant. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979). The district court must first determine whether the action "might have been brought" in the transferee court, and then the court must make an "individualized, case-by-case consideration of convenience and fairness." Hatch v. Reliance Ins. Co., 758 F.2d 409, 414 (9th Cir. 1985). The determination of whether factors weigh for and against transfer "involves subtle considerations and is best left to the discretion of the trial judge." Savage, 611 F.2d at 279.

## IV.  DISCUSSION

### A.  Motion to Transfer

Defendant Parker moves for the Court to transfer venue to the Western District of Texas, San Antonio Division, under § 1404(a). (Parker's Motion at 5.) The Court proceeds to consider whether the relevant factors weigh for or against transfer, looking first at whether this action "might have been brought" in the Western District of Texas and then at whether transferring the action there furthers the ideals of "convenience and fairness." See Hatch, 758 F.2d at 414. Since Defendant Parker has the burden of proof, the Court presumes the uncontested allegations in Plaintiff's Complaint are true for purposes of this motion. See Savage, 611 F.2d at 279.

4

**1.    The Western District of Texas**

The issue of whether this action "might have been brought" in the Western District of Texas raises two sub-issues. The first issue is whether Texas has personal jurisdiction over the parties. The second issue is whether the Western District of Texas is a proper venue for this action.

**a.    Personal Jurisdiction**

Defendant Parker contends that all parties are subject to jurisdiction in Texas. (Parker's Motion at 4.)

A federal district court can exercise personal jurisdiction to the same extent as a state court of the state in which the district court sits. Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 108 (1987). Since Texas courts extend jurisdiction to the very limits of the United States Constitution, federal courts in Texas need only to determine whether the exercise of personal jurisdiction would comport with Due Process of the Fourteenth Amendment. See Ham v. La Cienega Music Co., 4 F.3d 413, 415 (5th Cir. 1993).

Constitutional Due Process concerns are satisfied when a defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Later cases have clarified that the minimum contacts must be "purposeful acts." Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985). A forum state may also exercise personal jurisdiction over those physically present in the state consistent with the Due Process. See Burnham v. Superior Court of California, County of Marin, 495 U.S. 604 (1990). In this case, all of the Defendants are residents of Bandera County, Texas. Thus, a Texas court would have jurisdiction over Defendants because they are all physically present in the state of Texas.

Plaintiff contends that the action could not have been brought in Texas because he lacks contacts with that state. (Plaintiff's Opposition to Defendant Parker's Motion to Dismiss for Improper Venue, or in the Alternative to Transfer Venue, hereafter, "Plaintiff's Opposition," Docket

5

Item No. 64.) Minimum contact analysis need not be satisfied with respect to a Plaintiff.[3]

Nevertheless, the Court considers Plaintiff's contention as an argument that Texas is an inconvenient forum.

With respect to his personal contacts with Texas, Plaintiff alleges as follows:

He currently owns property in Bandera County, Texas and that his personal property in Texas was converted by Defendants who all reside in Texas. (Complaint ¶¶ 8-9, 56-61.) Plaintiff was injured by libel originating in Texas and intended for property owners in Bandera County, Texas. (Id. ¶¶ 8-20; Declaration of Jean Kennedy, hereafter, "Kennedy Decl.," Docket Item No. 38.) Finally, Plaintiff's rights were violated by regulatory actions that took place in Texas. (Complaint ¶¶ 63-69.)

The Court finds that the bases for substantially all of Plaintiff's allegations arise out of events that occurred in Texas and property that is situated in Texas. Accordingly, Plaintiff has sufficient contacts with the state that a Texas court would be a convenient forum for him concerning the subject matter of his allegations.

**b.    Venue**

Defendant Parker contends that venue is proper in the Western District of Texas, San Antonio Division because the events giving rise to Plaintiff's Complaint occurred in Texas. (Parker's Motion at 4.)

Title 28 U.S.C. § 1391(a)(1) provides, "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in . . . a judicial district where any defendant resides, if all defendants reside in the same State."

---

[3] The Court acknowledges that some cases make it unclear whether minimum contacts analysis is required for a plaintiff when transfer under § 1404(a) is at issue. Compare Aktiengesellschaft v. Milwaukee Elec. Tool Corp., 2004 WL 1812821 *2 (E.D.N.Y.) (finding minimum contacts need only be established for defendants because "[t]he question is not whether plaintiffs could be haled into the proposed transferee court as defendants, but whether plaintiffs could have brought the same . . . action in the transferee court") with Manufacture Des Montres Jaguar, S.A. v. Jaguar Cars Ltd., 2000 WL 1371324 *2 (S.D.N.Y.) (finding "it would be manifestly contrary to the interests of justice to force the plaintiff to litigate in a forum in which it does not have the minimum contacts to satisfy the requirements of due process").

This action is a diversity action. (Complaint ¶ 6.) All Defendants reside in Texas, specifically in Bandera County. (Id. ¶¶ 2-4.) Accordingly, the Court finds that the Western District of Texas[4] is a proper venue for this action. Moreover, since issues relating to personal jurisdiction would not have prevented the case from proceeding there, the Court finds this action "might have been brought" in the Western District of Texas.

### 2. Convenience and Fairness

Defendant Parker contends that transfer would be more convenient and fair for the ten Defendants and their witnesses. (Parker's Motion at 6-9.)

When considering whether a § 1404(a) transfer meets the interests of convenience and fairness, a court may look at the following factors: (1) the state that is most familiar with the governing law, (2) the plaintiff's choice of forum, (3) the respective parties' contacts with the forum, (4) the contacts relating to the plaintiff's cause of action in the chosen forum, (5) the differences in the costs of litigation in the two forums, (6) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (7) the ease of access to sources of proof. Jones v. GNC Franchising, 211 F.3d 495, 498 (9th Cir. 2000).

With respect to factor (1), all or substantially all of Plaintiff's claims arise out of his alleged ownership of property and business dealings in Bandera County, Texas. (Complaint ¶¶ 8-9, 34-36, 43, 47, 57, 64.) Some of the allegations involve water utility compliance, as well as property law and other common law issues that are unique to Texas law. (Id.) Since a Texas court is more likely to be familiar with Texas law, the Court finds this factor weighs in favor of having a Texas court adjudicate this dispute.

With respect to factor (2), Plaintiff filed this action in the Northern District of California because he resides in Santa Cruz. (Id. ¶ 1.) Plaintiff also alleges that this is forum where he suffered his injury. (Id. ¶ 12.) However, the Court finds that the injury to Plaintiff, under his alleged facts,

---

[4] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice that Bandera County sits within the purview of the San Antonio Division of the District Court for the Western District of Texas.

7

occurred in Bandera Country, Texas. The allegedly defamatory newsletter was mailed to members of BCPOA and thus was directed at Bandera County, not California. (See Kennedy Decl.) The alleged torts and constitutional violation took place in Bandera County, not California. (Id. ¶¶ 56-68.) The Court finds the allegation that a single defamatory newsletter may have reached California is not, by itself, enough to give Plaintiff the benefit of his choice of forum. (Id. ¶ 11.) Thus, the Court finds this factor weighs in favor of having a Texas court adjudicate this dispute.

With respect to factors (3) and (4), the Court finds, as noted above, that the parties all have significant contacts within the jurisdiction and venue of the District Court for the Western District of Texas. Defendants reside there and Plaintiff has financial interests there. (Id. ¶¶ 3-4, 8, 56-58.) Allegations that Defendants, by their actions in Bandera County caused harm to or otherwise disrupted Plaintiff's interests in Bandera County form the subject matter of this dispute. (Id.) Thus, the Court finds that the parties all have strong contacts with the Western District of Texas.

However, the same is not true for the parties' contacts with California. Plaintiff makes no allegations that Defendants, with the exception of Mr. Parker, have any significant contacts with California. Instead, Plaintiff bases his venue arguments on allegations that actions in Texas had an economic effect on him in California. (Plaintiff's Opposition ¶¶ 5-6.) The Court finds these allegations of secondary economic consequences do not constitute contacts between Defendants and this forum. Thus, the Court finds these factors weigh in favor of having a Texas court adjudicate this dispute.

With respect to factors (5) and (7), most of the witnesses responsive to the allegations made in Plaintiff's Complaint likely reside in and around Bandera County. (See id. ¶¶ 3-4, 8, 56-58.) Defendants anticipate calling witnesses living in the Bandera Falls subdivision in Bandera County to testify about the property rights at issue in this case as well as members of the Texas state licensing agencies to testify about licensing procedures in Texas. (Parker's Motion at 10.) Members of the Bandera County Attorney's office and the BFPOA will also likely be called to testify. (Id.) Since

8

Bandera County sits within the Western District of Texas, it would minimize cost and inconvenience to these witnesses to allow the suit to proceed there.

Contrary, Plaintiff has failed to demonstrate that a significant number of witnesses reside in California, or that any evidence he intends to present would be difficult or costly to transport to Texas. Most importantly, Plaintiff is the only party that resides in California; nine of the Individual Defendants reside in Bandera County, Texas and BFPOA is incorporated under Texas law and has its principle place of business there. (Id. ¶¶ 1-4.) Thus, the Court finds these factors weigh in favor of having a Texas court adjudicate this dispute.

With respect to factor (6), Rule 45(b)(2) allows for compulsory process within the district in which the court sits or within 100 miles of the place specified. Fed. R. Civ. P. 45(b)(2). In some instances, statewide service is also appropriate. Id. Here, however, the majority of the witnesses responsive to Plaintiff's allegations reside in Texas. (Id. ¶¶ 3-4.) The Court would not be able to compel these witnesses to come to California to testify, as Texas is more than 100 miles from California. Thus, the Court finds this factor weighs in favor of having a Texas court adjudicate this dispute.

In sum, the Court finds that these convenience and fairness factors weigh heavily in favor of transferring this action to the District Court for the Western District of Texas. Accordingly, the Court GRANTS Defendant Parker's motion to transfer.

### B.     **Motions to Dismiss**

Alternatively, Defendants move to dismiss on multiple grounds, including: (1) Improper Venue; (2) Lack of Personal Jurisdiction; (3) Failure to State a Claim; (4) Defective Service of Process; and (5) Freedom of Speech.[5]

In light of the Court's decision to grant Defendant Parker's Motion to Transfer Venue, the Court finds as follows:

---

[5] (See Parker's Motion; Lack of Jurisdiction Motion 1; Lack of Jurisdiction Motion 2; Failure to State a Claim Motion; Defective Process Motion; Freedom of Speech Motion.)

9

The Court DENIES as moot Defendants' Motions to Dismiss for Improper Venue and Lack of Personal Jurisdiction. The grounds upon which these motions were based will have changed upon transfer of this case to the Western District of Texas.

The Court DENIES Defendants' Motion to Dismiss for Failure to State a Claim without prejudice to being renewed in the Western District of Texas. Resolution of the issues presented in this motion would involve the merits of the case; thus, the transferee court is better suited to make such a determination.

The Court DENIES Defendant Parker's Motion to Dismiss for Defective Service of Process without prejudice to being renewed in the Western District of Texas. Plaintiff and Defendant Parker presented conflicting evidence as to whether service was proper. (See Motion to Dismiss for Defective Process, Ex. A, Docket Item No. 15; Opposition to Defendant Parker's Motion to Dismiss for Defective Process, Ex. A, Docket Item No. 57.) The transferee court is better suited to make such a determination.

The Court DENIES Defendants' Motion to Dismiss for Freedom of Speech under California's anti-SLAPP laws without prejudice to being renewed in the Western District of Texas. At the hearing, some Defendants voiced concern regarding the transfer, contending that the Western District of Texas would not apply California's anti-SLAPP laws. However, the Supreme Court has held that, in the context of a § 1404(a) transfer, "the transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." See Van Dusen v. Barrack, 376 U.S. 612, 639 (1964). The Court is transferring this case to Western District of Texas under § 1404(a). Thus, Defendants will have an opportunity to seek a remedy pursuant to California's anti-SLAPP laws in the Western District of Texas, should the transferee court find those laws applicable.

## V. CONCLUSION

Defendant Tom Parker's Motion to Dismiss for Improper Venue, or in the Alternative, Motion to Transfer Venue is GRANTED in part with regard to the motion to transfer and DENIED in part with regard to the motion to dismiss.

The following motions are DENIED as moot because the grounds upon which they were based will have changed upon transfer of this case to the Western District of Texas.

(1) Defendant Kerry Helgren-Schneider's Re-Noticed Motion to Dismiss for Lack of Personal Jurisdiction.

(2) Defendant Dennis Baker's Motion to Dismiss for Lack of Personal Jurisdiction.

The following motions are DENIED without prejudice to being renewed in the Western District of Texas:

(1) Defendants' Special Motion to Strike Causes of Action Brought to Chill the Valid Exercise of the Constitutional Rights of Freedom of Speech.

(2) Defendants' Motion to Dismiss Seventh and Eighth Causes of Action for Failure to State a Claim.

(3) Defendant Tom Parker's Motion to Dismiss for Defective Process.

The Clerk shall transfer this case to the Western District of Texas and close this file.

Dated: October 25, 2007

JAMES WARE
United States District Judge

11

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

David Kenneth Kagan Sergi david@sergilaw.com
Ralph John Swanson rjs@berliner.com
Shannon N. Cogan shannon.cogan@berliner.com

Bunker B.W. Rogge
101A Christel Oaks
Scotts Valley, CA 95066

**Dated: October 25, 2007**                              **Richard W. Wieking, Clerk**

                                                          **By:  /s/ JW Chambers
                                                                Elizabeth Garcia
                                                                Courtroom Deputy**